HEARN 45 ST. CORPORATION, Appellant, *v.* MOE JANO et al.,
Respondents.

Submitted April 8, 1940; decided May 28, 1940.

*M. Emanuel Balt* for appellant. The complaint sets up a cause of action under article X of the Debtor and Creditor Law (Cons. Laws, ch. 12) to which the ten-year Statute of Limitations applies. (*Buttles* v. *Smith,* 281 N. Y. 226; *Carr* v. *Thompson,* 87 N. Y. 160; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259.)

*Joseph H. Sand* for respondents. The complaint attempts to set up a cause of action to procure a judgment on the ground of actual fraud, against which the six-year Statute of Limitations is a bar. (*Spallholz* v. *Sheldon,* 158 App. Div. 367; 216 N. Y. 205; *Decker* v. *Decker,* 108 N. Y. 128; *Pitcher* v. *Sutton,* 238 App. Div. 291.) The complaint was properly dismissed as barred by the six-year Statute of Limitations, under subdivision 5 of section 48 of the Civil Practice Act. (*Ectore Realty Co.* v. *Manufacturers Trust Co.,* 250 App. Div. 314; *Sielcken-Schwarz* v. *American Factors, Ltd.,* 265 N. Y. 239; *Buttles* v. *Smith,* 281 N. Y. 226; *American Surety Co.* v. *Conner,* 251 N. Y. 1.) Where a complete remedy at law was available, as here, the six-year Statute of Limitations for such action at law applies to the instant case. (*American Surety Co.* v. *Conner,* 251 N. Y. 1; *Keys* v. *Leopold,* 241 N. Y. 189; *Schmidt* v. *Merchants Dispatch Transp. Co.,* 270 N. Y. 287; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259; *Engel* v. *Fischer,* 102 N. Y. 400; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.,* 270 N. Y. 86.)

FINCH, J.   This is a judgment creditor's action to set aside transfers and to follow the assets of a corporate judgment debtor, which were transferred through alleged judicial proceedings so as to be beyond the reach of execution.

The issues arise upon a motion to dismiss the complaint and present the question whether the cause of action is governed by the six- or the ten-year periods of limitations. If the former, then the action is already barred.

The complaint alleges three wholly unsatisfied judgments recovered by plaintiff against the corporate judgment debtor under a written lease on the business premises of the latter.   The judgment debtor was stripped of its assets and rendered insolvent by a series of transactions occurring from October to December, 1931.   In brief, these transactions consisted of the entry of fictitious judgments and the giving of a gratuitous chattel mortgage, all without consideration, whereby, under a sale pursuant to execution and a foreclosure sale, there was effected a complete capture of the assets of the corporation by its directors and officers, to the consequent insolvency of the debtor.   A new corporation was organized and these assets transferred to the new corporation.   The prayer for relief is the vacatur of these transactions, a receivership and an injunction, an accounting, and personal judgment for dissipated assets.

The major question presented is whether the gravamen of the cause of action is the right of the creditor to follow and levy upon assets of the debtor when title thereto has been vested in others in violation of the statutes protecting creditors (Debtor and Creditor Law [Cons. Laws, ch. 12], art. 10) or whether the gravamen of the cause of action is the right of the plaintiff to recover judgment compensating him for injury sustained as a result of fraud.   In the case of the former, the ten-year period would apply (Civ. Prac. Act, § 53), whereas in the latter event, the period of limitation would be six years after the discovery of the fraud. (Civ. Prac. Act, § 48, subd. 5.)

It is well settled that section 48, subdivision 5, applies only to cases of actual fraud, express or implied.   All other types

of fraud, where actual fraud, express or implied, is not the gravamen, which are collectively grouped in the category of " constructive fraud," are within the provisions of section 53. (*Buttles* v. *Smith*, 281 N. Y. 226; *Spallholz* v. *Sheldon*, 216 N. Y. 205, 209; *Carr* v. *Thompson*, 87 N. Y. 160; *Kountze* v. *Kennedy*, 147 N. Y. 124, 129.) With that in mind we may examine the complaint to determine whether it seeks relief upon the ground of actual fraud.

The whole structure of the complaint shows that the recovery sought by the plaintiff is to levy in satisfaction of his debt upon property which he is entitled to treat as belonging to the debtor, albeit the title is ostensibly lodged elsewhere. Article 10 of the Debtor and Creditor Law is the enactment of the Uniform Fraudulent Conveyance Act, a codification of previous statutes on this subject which had their origin in the statute of 13 Eliz. ch. 5. The object of this legislation is to enable a creditor to obtain his due despite efforts on the part of a debtor to elude payment. To that end the statute declares as of no effect in so far as the creditor is concerned, certain kinds of transfers on the part of the debtor. These transfers are generally of two kinds: those made by the debtor with the actual intent thereby to impede or altogether defeat the efforts of the creditor and those which, regardless of the intention of the debtor, in fact operate to make the debtor insolvent and so defeat the claims of the creditor. The latter are transfers made without consideration or without fair consideration, which render the debtor insolvent. As to those, it is the policy of the law that the debtor be just before he be generous. By the terms of the statute, either kind of transfer is declared fraudulent as to creditors, *i. e.*, the transfer is in violation of the creditor's rights.

The complaint in the case at bar states a cause of action to set aside a transfer which, regardless of the intent of the debtor, is forbidden by the statute to the extent that there are claims by creditors. In this case the complaint does not rest upon the facts that the transfers were without consideration and rendered the debtor insolvent, but also alleges an

actual intent on the part of the debtor to evade the creditor. The complaint would have been sufficient without such additional allegation. But the gravamen of the complaint is not thereby transformed into an action to recover judgment on the ground of actual fraud. Surely the action is not one for actual fraud where a complete cause of action may be stated by a showing of the bare facts of a voluntary conveyance resulting in insolvency. Such a conveyance is but one of the two kinds which are deemed fraudulent by the operation of the statute. Both kinds are simply acts which are voidable at the behest of the creditor as a result of the statutory declaration. Whichever pattern the debtor may choose, the relief sought by the creditor is the same; to undo the transfer of title so as to bring within the ambit of execution those assets upon which the creditor is rightly entitled to levy. The fraud, such as it is, is only incidental to the right of the creditor to follow the assets of the debtor and obtain satisfaction of the debt. The gravamen of the cause of action in the case at bar is the ordinary right of a creditor to receive payment; this right has been implemented by the protection of legislation concerning the circumstances under which the creditor may avail himself of assets which the debtor has transferred to others. No deceptive or fraudulent act of the individual defendants, no wrongful co-operation of theirs in the acts by which the judgment debtor's property was transferred, lends weight to the plaintiff's cause of action. The plaintiff's right is complete without reference to the quality or character of the acts of the individual defendants. The gravamen of the action is the right of the creditor to be paid out of assets to which he is actually entitled and to set aside the indicia of ownership which *apparently* contradict that right.

In *Buttles* v. *Smith* (281 N. Y. 225, 236) this court said, in referring to a complaint under article 10 of the Debtor and Creditor Law: " The complaint sets up constructive fraud, not actual fraud, and under such conditions the ten-year Statute of Limitations applies and commences to run

from the date when the act or omission constituting it occurred."

The action at bar is in equity, since plaintiff seeks to set aside the fraudulent transfers accomplished through judicial proceedings valid on their face. Only in equity can adequate relief be had whereby the decree may be molded to the exigencies of the action by canceling of record the spurious judgments, the fictitious chattel mortgage, and the foreclosure sale thereunder, by appointing a receiver to take over the assets of the judgment debtor fraudulently conveyed, and by ordering an accounting with direction to pay over. The ten-year Statute of Limitations reads as follows:

" § 53. Limitation where none specially prescribed. An action, the limitation of which is not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues." (Civ. Prac. Act, § 53.)

Since, as has been shown, the action is not one to recover damages for fraud (Civ. Prac. Act, § 48, subd. 5), nor an action at law (Civ. Prac. Act, § 48, subd. 1), but one in equity for a rescission, the ten-year Statute of Limitations applies.

It is urged, however, that a complete remedy at law is available since, under the Debtor and Creditor Law (Art. 10, § 278, subd. b), plaintiff may disregard the fraudulent transfers and attach or levy execution upon the property conveyed. If plaintiff had pursued a legal remedy, then the rule might be applicable that where a legal and an equitable remedy are equally adequate, the Statute of Limitations provided in the legal remedy prevails. (*Keys* v. *Leopold*, 241 N. Y. 189; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.*, 270 N. Y. 86.) It is true there may have existed for plaintiff an option to disregard the transfers which had taken place through judicial proceedings, and levy an execution on the property. The difficulties in such an attempt, however, loom large. The transfers of the property of the corporate judgment debtor have here been completed through judicial proceedings which, upon their face, are

valid. Attempts to sell the property pursuant to such an execution would be greatly aggravated by the fact that title to the property was apparently in another through these judicial proceedings. Plaintiff was not forced to take such action, but could instead adopt the action which it did, namely, come into equity and ask for a rescission which would set aside the fictitious judicial proceedings and allow plaintiff to realize the full value of the assets so far as a forced sale would permit without the existence of a dispute as to title. Furthermore, in the action at bar, plaintiff seeks to attach not only the property which was originally transferred and is still in existence, but also the value of such as may have been dissipated, and the profits which may have accrued from the use of such property. In addition, plaintiff asks a receiver, and for an accounting. Thus there is clearly no remedy at law comparable to that available in equity (*Holland* v. *Grote*, 193 N. Y. 262), and, therefore, the period of limitation which would bar an action at law does not reduce the period which ordinarily limits a suit in equity. (*Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.*, 270 N. Y. 86.)

It follows that the ten-year Statute of Limitations provided for in section 53 of the Civil Practice Act is controlling, and that the commencement of the action is timely.

The judgments should be reversed and the motion denied, with costs.

LOUGHRAN, SEARS, LEWIS and CONWAY, JJ., concur; RIPPEY, J., dissents; LEHMAN, Ch. J., taking no part.

Judgments reversed, etc.