HENRY M. CHANCE and Others, Suing on Behalf of Themselves and All Other Stockholders of R. HOE & Co., INC., Respondents, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Appellant, Impleaded with GUARANTY COMPANY OF NEW YORK (in Liquidation) and Others, Defendants.

Second Department, July 2, 1940.

*Edward C. McLean* [*John B. Coleman, Jr.,* with him on the brief], for the appellant.

*Samuel Zirn* [*Adolph Feldblum* with him on the brief], for the respondents.

TAYLOR, J. This is a stockholders' derivative action instituted as to defendant Guaranty Trust Company of New York, appellant (hereinafter called Guaranty), on June 26, 1936. Appellant's alleged acts, the basis of the fourth cause of action, were consummated in November, 1928. A joint motion was made at Special Term by certain defendants, including Guaranty, for an order, pursuant to Civil Practice Rules 113 and 114, granting partial summary judgment in favor of the movants, dismissing as to each of them, who, or which, is a party thereto in this action, the third, fourth and sixth causes of action herein, solely on the ground that each is barred by the pleaded six-year Statute of Limitations. (Civ. Prac. Act, § 48, subd. 5.) The nature of each of those causes is set forth aptly in *Chance* v. *Guaranty Trust Co.* (282 N. Y. 656, 657). The fourth cause, involved here, was directed against Guaranty and five directors of R. Hoe & Co., Inc., including the defendant Boudinot Atterbury. (Id.) Therein, in substance, plaintiffs alleged that in November, 1928, R. Hoe & Co., Inc., consummated the purchase of certain factory property; that this

purchase was approved by the five defendant-directors, then acting under the influence of the defendant Guaranty and to further its financial interests, at a price of at least $250,000 in excess of the fair market value thereof; and that R. Hoe & Co., Inc., was thereby caused to suffer large and additional losses resulting from unnecessary and wasteful structural alterations, removal expenses and interruption of business operations occasioned thereby. (Id.)

Upon that motion the order first mentioned was duly entered granting the motion in all respects as to the movants-defendants, other than appellant Guaranty, and as to it granting the same only as to the third and sixth causes of action, but denying the motion as to the fourth cause of action. Thereafter a further order was duly entered, upon Guaranty's motion for reargument, adhering to the determination made in the first mentioned order. From so much of the first mentioned order as denies the motion of Guaranty to dismiss the fourth cause of action as to it, and for summary judgment thereon, that defendant appeals; and it also appeals from the order second above mentioned in so far as it denies Guaranty's motion for the same relief and adheres to the decision rendered upon its original motion for summary judgment as embodied in the first order.

Upon the allegations of the fourth cause of action, here deemed admitted, the appellant Guaranty profited indirectly by the purchase in such a way that R. Hoe & Co., Inc., has and can have no adequate remedy at law as against the appellant therefor. Those allegations make the appellant a trustee of a constructive trust of the moneys received by it, thus indirectly, from the purchase moneys. Appellant is accountable in equity to the *cestui* R. Hoe & Co., Inc., therefor. (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380, 386; *vide*, also, *Southern Pacific Co.* v. *Bogert*, 250 U. S. 483, 487, and *Lonsdale* v. *Speyer*, 249 App. Div. 133, 141.) The rights of the *cestui* are cognizable in equity, which alone can decree adequate relief. The money thus received by the appellant may not in good conscience be retained by it. It was not received directly from R. Hoe & Co., Inc., but indirectly from other persons whose debts to the appellant were otherwise uncollectible by the appellant or difficult to collect. The fourth cause of action is not one at law for money had and received by appellant to the use of R. Hoe & Co., Inc. The cause of action is in equity for an accounting by the appellant for thus unlawfully profiting from its fiduciary control· of R. Hoe & Co., Inc.'s corporate affairs. The six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 5) is, therefore, without application. The ten-year statute applies. (Civ. Prac. Act, § 53; *Hearn 45 St. Corp.* v. *Jano*, 283 N. Y. 139, 141, 142;

*Potter* v. *Walker*, 276 id. 15, 25, 26; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.*, 270 id. 86, 89–91; *Goldstein* v. *Tri-Continental Corp.*, 282 id. 21, 29, 30; *Falk* v. *Hoffman*, 233 id. 199, 201, 202.) The appellant's motion to dismiss the fourth cause of action was properly denied.

The order entered on reargument has superseded the order entered April 17, 1940. The appeal from the latter order, therefore, should be dismissed, without costs.

The order entered on May 3, 1940, on reargument, in so far as appealed from, should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, CARSWELL and JOHNSTON, JJ., concur.

Appeal from order entered April 17, 1940, dismissed, without costs. Order entered May 3, 1940, in so far as appealed from, affirmed, with ten dollars costs and disbursements.