NASABA CORPORATION, Judgment Creditor, Respondent, *v.* HARFRED REALTY CORPORATION and 4510 BROADWAY CORPORATION, Judgment Debtors, Appellants, and CORONET PROPERTIES, INC., and Others, Appellants.

First Department, May 2, 1941.

*David Steckler* of counsel [*Israel Hoffman* with him on the brief; *Steckler, Hoffman & Steckler* and *Louis I. Hochstein*, attorneys], for the appellants.

*Herman A. Benjamin* of counsel [*Benjamin, Galton & Robbins*, attorneys], for the respondent.

PER CURIAM. The cause of action stated in the complaint is not one " to procure a judgment on the ground of fraud " within the meaning of subdivision 5 of section 48 of the Civil Practice Act. That provision applies only to cases of actual fraud where the proof of fraud is essential to a recovery. It has no application to constructive frauds such as are alleged here. (*Hearn 45 St. Corp.* v. *Jano*, 283 N. Y. 139.)

If the complaint is construed as an action under either section 60 of the General Corporation Law, or section 15 of the Stock Corporation Law, where the recovery of a judgment is essential to the accrual of the action, the six-year Statute of Limitations applies. This action was not commenced until more than six years after the entry of the judgment relied on. The claim is barred also under article 10 of the Debtor and Creditor Law, where the cause of action runs from the date of the transfers complained of. (*Buttles* v. *Smith*, 281 N. Y. 226.) The complaint cannot be considered as a creditor's bill in equity since none of the relief characteristic of such actions is demanded. (*Hearn 45 St. Corp.* v. *Jano, supra.*)

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and CALLAHAN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.