218

COUNTY OF ONEIDA and GARDNER O. HART, as County Treasurer of Oneida County, Appellants, *v.* FIRST CITIZENS BANK AND TRUST COMPANY OF UTICA, Respondent. (Action No. 3.)

Fourth Department, May 20, 1942.

*Francisco Penberthy* [*Eugene von Wellsheim* of counsel], for the appellants.

*Ferris, Burgess, Hughes & Dorrance* [*Thayer Burgess, George H. Kenny* and *Robert Groben* of counsel], for the respondent.

CUNNINGHAM, J. The complaint was dismissed in the court below upon the ground that the action is barred by the Statute of Limitations.

The moneys which the plaintiffs seek to recover in this action were received by the defendant more than six years before the commencement of the action. The defendant claims, therefore, that the action is barred. (Civ. Prac. Act, § 48, subd. 1.)

The plaintiffs contend that their cause of action is based upon fraud and is not barred until six years from the time they discovered the fraud. (Civ. Prac. Act, § 48, subd. 5.)

This question in dispute cannot be determined until we have considered the allegations of the complaint.

It is alleged therein that the county of Oneida established a mutual self-insurance plan embracing the county and the municipalities within the county; that this insurance plan was under the direction of a committee appointed by the chairman of the board

of supervisors, and that Frank P. Gifune, who was assistant clerk of the board of supervisors, was appointed director of the plan. It is further alleged that Gifune prepared false and fraudulent claims and vouchers, certifying that each of the various claimants in whose names such false claims were made had sustained a compensable injury and was entitled to workmen's compensation for the amount set forth in the claim made in his name; that the vouchers for such claims were signed by Gifune and by the chairman of the committee, and presented by Gifune to the comptroller of the county; that the comptroller, without knowledge of the frauds, issued county warrants therefor in the amount of $26,263.43; that these warrants were drawn by the comptroller upon the treasurer of the county of Oneida, to the order of the various persons named in the claims; that the warrants were delivered by the comptroller to Gifune and were cashed by Gifune at defendant's bank; that the warrants when presented to the county treasurer by the defendant for payment bore the forged indorsements of the respective payees appearing thereon and also the indorsement of the defendant, and that the county treasurer, without knowledge of the illegality of the warrants, paid the amounts of such warrants to the defendant. The complaint then alleges that the defendant did have and receive the total amount of such warrants from the plaintiffs " to and for the defendant's use."

This action is brought to recover from the defendant the amounts paid to it upon the fraudulent warrants.

The theory of the plaintiffs is that the defendant has received money belonging to the plaintiffs to which the plaintiffs have not lost title; that the warrants upon which the money was paid to defendant are null and void; that plaintiffs are seeking to recover their money which they have the right to follow and reclaim and that defendant has no right to the money which it received on void warrants.

The fraud of Gifune, as set forth in the complaint, is only incidental to the action for money had and received.

This action is not based upon fraud because it fails to charge the defendant with fraud (*Hearn 45 St. Corp.* v. *Jano*, 283 N. Y. 139, 143) and is barred because it was commenced more than six years after the respective dates on which the defendant received the moneys from the plaintiffs. (*Cohen* v. *City Company of New York*, 283 N. Y. 112; *Wechsler* v. *Bowman*, 285 id. 284, 293, 297.)

The order and judgment appealed from should be affirmed, with costs.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order and judgment affirmed, with costs.