ZIGMUND ZIRING, as a Stockholder of CORRUGATED CONTAINER CORPORATION, Plaintiff, *v.* CORRUGATED CONTAINER CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, June 19, 1944.

*Irving Moldauer* for Louis H. Schroeder and others, defendants.

*Steckler, Frank & Newmark* for Corrugated Container Corporation, defendant.

*Emanuel Schwartz* for plaintiff.

HOOLEY, J. Motions for judgment on the pleadings made by the individual defendants and also by defendant Corrugated Container Corporation, dismissing the first, second, fourth, fifth, sixth, seventh and eighth causes of action pleaded in the second amended complaint and, in the event that judgment of dismissal of the fourth cause of action may not be had on the pleadings, a further motion is made as to that cause of action for summary judgment pursuant to rules 113 and 114

of the Rules of Civil Practice. The motions are based upon the contention that those causes of action are all barred by subdivision 7 of section 49 of the Civil Practice Act.

For the purposes of this memorandum, Corrugated shall be deemed to mean Corrugated Container Corporation, and Progressive shall be deemed to mean Progressive Corrugated Paper Machinery Co., Inc.

This is a stockholder's derivative action based on alleged wrongful acts on the part of directors of the defendant corporation at various times in the years between 1934 and 1940. The answers of the individual defendants plead the three-year and six-year Statutes of Limitations as affirmative defenses to the causes of action attacked. Prior to 1936, subdivision 3 of section 48 of the Civil Practice Act fixed a six-year period of limitation for an action for injury to property. By chapter 558 of the Laws of 1936, in effect September 1, 1936, that provision was deleted from subdivision 3 of section 48 and, in place thereof, subdivision 7 of section 49 was enacted, which created a three-year Statute of Limitations with respect to all causes of action to recover damages for an injury to property arising after the effective date. The question upon this motion is whether the causes of action attacked are for injuries to property as contemplated in the statute, in which event the six-year limitation would apply to those acts which occurred prior to September 1, 1936, and the three-year limitation would apply to those acts committed subsequent to September 1, 1936, or whether the said causes of action are to procure a judgment upon the ground of fraud, in which event the six-year limitation would apply. (Civ. Prac. Act, § 48, subd. 5.)

There have been many decisions on the subject of limitations as applied to such actions. Most of the reported cases, however, deal with injury to the corporation which occurred prior to 1936, at which time it made no difference whether the action was for an injury to property or for fraud, since the six-year statute applied to each. The question involved in most of those cases was whether the six-year limitation of section 48 applied or whether the ten-year limitation of section 53 applied. Since 1936, confusion has arisen upon the question as to whether certain wrongful acts on the part of directors of a corporation constitute the basis for actions seeking judgment on the ground of fraud or whether such wrongful acts give rise only to actions for injury to property. The Legislature, recognizing the general confusion in the decisions concerning stockholders' derivative actions, in 1942, sought to clarify the situation somewhat

by the enactment of subdivision 8 of section 48 relating to actions to be commenced within six years. That subdivision reads as follows: " An action, legal or equitable, by or on behalf of a corporation against a director, officer or stockholder, or a former director, officer or stockholder, if such action is for an accounting, or to procure judgment on the ground of fraud, * * * unless such action is one to recover damages for waste or for an injury to property or for an accounting in connection therewith in which case such action shall be subject to the provisions of subdivision seven of section forty-nine."

In considering the applicability of the various Statutes of Limitations to the facts set forth in the various causes of action a few elementary principles should be kept in mind. The use of the word " fraud " or " fraudulent " is not determinative of the question whether the action is in fraud. Neither does the failure to use those words establish that the action is not in fraud. To determine whether or not the action is in fraud, the facts alleged must be studied. If the essence of the wrong complained of is a breach of fiduciary duty, it does not make the action one to recover a judgment on the ground of fraud, within the meaning of subdivision 5 of section 48 of the Civil Practice Act, even if such breach was deliberate, willful or fraudulent. (*Druckerman* v. *Harbord,* 31 N. Y. S. 2d 867, 870.) In the case last cited, the court said: " The test of whether fraud is the gravamen of the action is not merely whether fraud has been alleged, but whether ' there would be no injury except for the fraud '. *Glover* v. *National Bank of Commerce in New York,* 156 App. Div. 247, 256, 141 N. Y. S. 409, 416. Here there would have been a good cause of action even though fraud had not been alleged. True, breach of duty by directors has been characterized, and properly so, as conduct in fraud of the corporation and its stockholders. But an action for that breach of duty is not an action to procure a judgment on the ground of fraud within the meaning of the section in question. Cf. *Spallholz* v. *Sheldon,* 216 N. Y. 205, 208, 110 N. E. 431, Ann. Cas. 1917C, 1017. Generally speaking, subd. 5 of Section 48, Civil Practice Act deals with actions in fraud and deceit as defined in *Reno* v. *Bull,* 226 N. Y. 546, 124 N. E. 144; *Ochs* v. *Woods,* 221 N. Y. 335, 117 N. E. 305, and *Ultramares Corp.* v. *Touche,* 255 N. Y. 170, 174 N. E. 441, 74 A. L. R. 1139."

It is well settled that subdivision 5 of section 48 applies only to cases of actual fraud, express or implied. (*Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139, 141; *Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290.)

In the case last cited the Court of Appeals, in determining whether the complaint stated a cause of action for actual fraud, said (pp. 294–295): '' Actual fraud, as distinguished from constructive fraud, involves the element of deceit practiced upon the party defrauded *(Studer* v. *Bleistein,* 115 N.Y. 316, 324). Quoting Story on Equity Jurisprudence, section 186 (14th ed. § 267), Bouvier [Law Dictionary, p. 1304] says: ' Actual or positive fraud includes cases of the intentional and successful employment of any cunning, deception, or artifice, used to circumvent, cheat, or deceive another.' '' And on page 295 in the same case, the court said: '' An intent and design is alleged or clearly and necessarily inferable from the complaint to misrepresent or conceal a material fact, to produce a false impression in order to mislead the plaintiff or to cheat it and therein lies the deceit which is the material constituent of actual fraud *(Willink* v. *Vandeveer,* 1 Barb. 599; *Forker* v. *Brown,* 10 Misc. Rep. 161, 162, 163). It is not claimed that affirmative and false representations were made with intent to cheat and defraud plaintiff upon reliance on which plaintiff was injured. The defendants are charged with fraudulent acts which they kept secret and concealed from plaintiff to its detriment and loss with intent that plaintiff should be misled. Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative misrepresentations of fact *(Forker* v. *Brown, supra).''*

It is the law that in order to recover on the ground of fraud, a party must have acted in reliance on the other party's misrepresentations or, where redress is sought for fraudulent concealment, it must appear that plaintiff relied on defendant to make disclosure of the fact concealed and that the concealment was a moving inducement to plaintiff's change of position; otherwise he could not have been deceived and there could have been no damage therefrom. *(Matter of First Citizens B. & T. Co. of Utica* v. *Sherman,* 250 App. Div. 339.) The deceit to be actionable must be successful; the plaintiff must be misled thereby.

In the case at bar, the complaint charges, in the first cause of action, that the defendants Schroeder and Wagner obtained for themselves and for the defendant Galaton exorbitant salaries, without any authority therefor, after November in the year 1936 and during the years 1937 and 1938. The complaint further charges that these exorbitant salaries were paid without authority and without defendants Schroeder, Wagner and Gala-

ton rendering any service to the corporation, and, also, that these defendants permitted the property of the corporation to be stolen and squandered, and, also, alleges that these defendants made false entries in the books of the corporation to conceal the misappropriations from the plaintiff.

Thus, the fraudulent wrongdoing, consisting of the alleged false entries in order to conceal unjust misappropriations by the defendants, is clearly set forth. There is a complete failure, however, to set forth the other essential elements of fraud. There is no allegation by the plaintiff to the effect that the plaintiff, or the corporation in whose behalf he is deemed to be suing, was deceived by the actions of the defendants and that as a result of the deceit practiced the plaintiff was misled and so suffered the damages. Fraud without damage or damage without fraud is not actionable. (*Deobold* v. *Oppermann et al.,* 111 N. Y. 531.) The damage must flow from the fraud and the court is unable to determine from the complaint whether the deceit practiced by the defendants in any way succeeded in deceiving the corporation or the plaintiff, who in reliance thereon acted to their detriment. A cause of action for injury to property is set forth.

In the second cause of action the complaint alleges that at Schroeder's and Wagner's direction defendant Galaton was paid $2,500 in or about November, 1936, and $2,700 in or about October, 1937, and that Galaton was a " dummy " for Wagner, to whom the aforesaid sums were turned over, and that likewise at Schroeder's and Wagner's direction the defendant Racker received $2,400 in or about November, 1936, and $2,500 in or about November, 1937, and that Racker was in fact the " dummy " for Schroeder, to whom said sums were turned over. The complaint sets forth in addition that no services were rendered by Galaton and Racker for these moneys and that the money was unjustly appropriated from the treasury of Corrugated without plaintiff's knowledge or consent and for the use and benefit of the defendants Schroeder and Wagner. Nothing is here alleged from which fraud may be spelled out. It appears that the plaintiff knew that Galaton was acting for Wagner and that Racker was acting for Schroeder. There is no allegation that plaintiff did not know these facts or that he was deceived thereby. The alleged unjust misappropriations in and of themselves do not constitute fraud as contemplated by the statute. Not every wrongdoing is a fraud. This cause of action is similar to that of the first cause of action.

In the fourth cause of action it is set forth that Progressive, in which the individual defendants were the controlling stockholders, sold to Corrugated certain machinery which was billed at about $23,000 and that Progressive charged and collected in excess of $28,000 for the aforesaid machinery. There are no sufficient allegations which stamp this action as one in fraud.

In the fifth cause of action it is alleged in substance that defendants Schroeder and Wagner, through Progressive, sold machinery, equipment and merchandise to the defendant Corrugated which paid for the same, and that defendants Schroeder and Wagner subsequently transferred such property to Dixie Container Corporation, a corporation in which they controlled a majority of the stock, without reimbursing Corrugated for this transfer of its property. These allegations are insufficient to establish a cause of action in fraud. Corrugated may have a cause of action against Dixie Container Corporation for the value of the property received upon a contract expressed or implied (Civ. Prac. Act, § 48, subd. 1), but the present action against the individual defendants, as alleged, is merely for an injury to property.

In the sixth cause of action it is charged that excessive sums of money were appropriated by the defendants Schroeder and Wagner through a scheme by which Progressive rendered excessive bills to Corrugated for repairs and materials which defendants Schroeder and Wagner ordered to be paid, so that they were able thereby to mark off the indebtedness from Progressive to Corrugated. Nowhere is there any allegation of any misrepresentation or concealment or reliance thereon.

In the seventh cause of action it is charged that defendants Schroeder and Wagner arranged with Progressive to render false bills to Corrugated for repairs and materials never in fact made or furnished, and that this was a fraudulent scheme enabling the said individual defendants to obtain money for themselves from Corrugated. Here again there is no averment that the corporation or plaintiff was misled by the fictitious bills rendered or that, in reliance thereon, the corporation parted with its money. This is merely an action for injury to property.

In the eighth cause of action it is claimed that between 1938 and 1940 Progressive sold machinery and equipment to Corrugated for which it was paid and then Progressive resold the aforesaid machinery and equipment to Eastern Industries Co., a partnership consisting of Schroeder, Wagner and the plaintiff herein. Progressive, it is alleged, received payment therefor

from Eastern Industries Co., without reimbursing Corrugated, which proceeds were misappropriated by Schroeder and Wagner. It appears, however, from the bill of particulars that the acts complained of took place between 1936 and 1938. Here, again, Corrugated may have a cause of action against Progressive for money had and received, but as against the individual defendants the complaint merely alleges a cause of action for injury to property.

From the foregoing it is clear that each of the causes of action attacked fails to set forth the necessary allegations to constitute the same an action to procure a judgment on the ground of fraud within the meaning of subdivision 5 of section 48 of the Civil Practice Act, and that all of the causes of action attacked are actions to recover for injuries to property as that term is used in subdivision 7 of section 49 of the Civil Practice Act.

The ten-year Statute of Limitations is not applicable to the fourth, sixth, seventh and eighth causes of action set forth in the complaint as contended for by plaintiff.

It follows that all of the causes of action attacked are barred by the six-year Statute of Limitations as to all acts complained of which occurred prior to September 1, 1936, and all actions which refer to acts subsequent to September, 1936, are barred by the three-year Statute of Limitations.

In view of the foregoing conclusions it becomes unnecessary to pass upon that part of the motions which seeks to dismiss the first, second, fourth, fifth, sixth and seventh causes of action upon the ground that all the transactions, with one exception, took place prior to 1938, at a time when Schroeder and Wagner were neither officers nor directors. Neither is it necessary to pass upon the alternative motion for summary judgment with respect to the fourth cause of action.

The motions to dismiss the first, second, fourth, fifth, sixth, seventh and eighth causes of action are granted. Settle order on notice.