FRANZ J. EMMERICH, Appellant, *v.* CITY BANK FARMERS TRUST COMPANY, as Executor and Trustee under the Will of RUDOLPH F. EMMERICH, Deceased, Respondent.

Argued February 22, 1950; decided April 13, 1950.

*Charles B. McGroddy, Jr.,* for appellant. I. This action is one to procure a judgment on the ground of fraud and thus is governed as to limitations by subdivision 5 of section 48 of the Civil Practice Act. (*Spallholz* v. *Sheldon,* 216 N. Y. 205; *Finnegan* v. *McGuffog,* 203 N. Y. 342; *Harrison* v. *Schultz,* 240 App. Div. 13; *McCaw* v. *McCaw,* 182 Misc. 910, 268 App. Div. 866; *Lightfoot* v. *Davis,* 198 N. Y. 261.) II. There is no evidence to support the Appellate Division's finding that plaintiff had knowledge of the existence of his grandfather's will or estate, or of the conversion thereof more than six years before commencement of this action.

*Alfred J. L'Heureux* and *Peter X. McManus* for respondent.
I. The action is for an accounting. (*Glover* v. *National Bank of Commerce,* 156 App. Div. 247; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259; *Carr* v. *Thompson,* 87 N. Y. 160; *Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139; *Spallholz* v. *Sheldon,* 216 N. Y. 205; *Finnegan* v. *McGuffog,* 203 N. Y. 342; *Harrison* v. *Schultz,* 240 App. Div. 13; *McCaw* v. *McCaw,* 182 Misc. 910, 268 App. Div. 866; *Vogeler* v. *Alwyn Improvement Corp.,* 247 N. Y. 131; *Ansorge* v. *Kane,* 244 N. Y. 395.) II. There is ample evidence that plaintiff had knowledge more than six years before he commenced this action of the existence and termination of the trust. III. The action is barred by the ten-year Statute of Limitations. (*Chase Securities Corp.* v. *Donaldson,* 325 U. S. 304; *Order of R. R. Telegraphers* v. *Railway Express Agency,* 321 U. S. 342; *Arnold* v. *Mayal Realty Co.,* 299 N. Y. 57; *Bushe* v. *Wright,* 118 App. Div. 320, 195 N. Y. 509; *Higgins* v. *Crouse,* 147 N. Y. 411; *Dyckman* v. *Dyckman,* 230 App. Div. 288.)

LOUGHRAN, Ch. J. Francis J. Emmerich died November 20, 1892. By his will he left a substantial part of his estate to his sons Rudolph and Lewis in trust to pay the income therefrom to his daughter Marie Auguste during her life and at her death to pay the principal to her issue, if any, and, if none, then to pay the principal in equal shares to Rudolph and Lewis if both should survive Marie Auguste, but in the event of the death in her lifetime of either Rudolph or Lewis then to pay one half of the principal to his issue.

The will of Francis J. Emmerich was admitted to probate by the Surrogate's Court of New York County on January 31, 1893. His sons Rudolph and Lewis, who were named as his executors, qualified as such and took possession of his estate. They failed, however, to earmark any trust for their sister Marie Auguste. Lewis died in 1922. Marie Auguste died in 1925 without issue. Rudolph died in 1926.

The plaintiff herein, the son of Lewis Emmerich, was born in 1892. Upon the death of his aunt Marie Auguste without issue he became entitled (because of the earlier death of his father Lewis) to one half of the principal of the trust from which Rudolph and Lewis undertook to pay income to Marie Auguste during her life. An accounting in respect of the remainder inter-

est of the plaintiff in that trust is demanded in this action. The defendant — a banking institution — is executor and trustee of the estate of Rudolph Emmerich and is sued in that capacity only.

Special Term conceived of the action as one to compel a fiduciary to account. In that view, the cause of action accrued on the death of Marie Auguste Emmerich in 1925, and this action, which was commenced on December 12, 1945, was barred by the ten-year Statute of Limitations (Civ. Prac. Act, § 53). So the Special Term held. On appeal by the plaintiff, the Appellate Division took the action to be one to procure a judgment on the ground of fraud. In that view, the cause of action did not accrue until the discovery by the plaintiff of the facts constituting the fraud and this action could have been commenced at any time within six years thereafter (Civ. Prac. Act, § 48, subd. 5). But the Appellate Division said: '' We find that the plaintiff had knowledge, more than six years prior to the commencement of this action, of the existence and termination of the trust described in the complaint under which he became the remainderman of his aunt Marie Auguste Emmerich and of the conversion of that portion of the corpus thereof to which this action relates.'' (275 App. Div. 833.) On that basis, the judgment dismissing the complaint was affirmed.

To our minds, the Appellate Division was right in reading the complaint as a statement of a cause of action grounded in fraud. (See *Finnegan* v. *McGuffog*, 203 N. Y. 342; *Spallholz* v. *Sheldon*, 216 N. Y. 205, 209; *Nasaba Corp.* v. *Harfred Realty Corp.*, 287 N. Y. 290, 294.) But we cannot discover in the record any sufficient warrant for imputing to the plaintiff knowledge of the fraud at a date more than six years before his commencement of this action on December 12, 1945.

In 1923, the plaintiff delivered releases to the executors of the estate of his father Lewis Emmerich on the strength of a written account of the assets of that estate. Among the entries appearing in that account was the following: '' Estate of Franz J. Emmerich....P. 846.00 ''. This entry, as we appraise it, was no evidence of discovery by the plaintiff of the fraud in question. The Franz J. Emmerich so referred to was, we suppose, the plaintiff's grandfather. Hence the entry may have notified the plaintiff of the existence of his grandfather's estate, but so blind

an item could not have put him on notice of his interest in that estate.

In 1925, after the death of Marie Auguste Emmerich, her brother Rudolph delivered to the plaintiff (his nephew) bonds of the United States Steel Corporation of the face value of $10,000. In respect of that transaction, we cannot do better than repeat the following analysis made by the court at Special Term: " The evidence perhaps warrants the inference that those $10,000 of bonds were one-half of $20,000 of bonds which had come into the possession of Rudolph as executor or trustee of the will of plaintiff's grandfather, and had been held as a part of the trust for the benefit of Marie Auguste Emmerich; and if that be so the delivery thereof by Rudolph to plaintiff will constitute a credit upon any amount to which plaintiff may be found to be otherwise entitled; but there is nothing to support the idea that plaintiff received the bonds as payment or in satisfaction of his interest in his grandfather's estate, or even that he knew that they came from or were a part of his grandfather's estate."

On May 17, 1943, the plaintiff wrote to the attorneys for the defendant bank a letter in which he thanked them for informing him of the absence from the files of the bank of any receipt or release relating to the United States Steel Corporation bonds that his uncle Rudolph had delivered to him. In that letter there was also the following sentence: " I will probably spend the rest of my life trying to figure out someway of getting around the New York statute of limitations in connection with my claim against my uncle's estate." This assertion, we repeat, was made on May 17, 1943, and hence was not evidence that the plaintiff had knowledge of the fraud in question more than six years before he commenced this action on December 12, 1945.

All the circumstances relied upon to establish such knowledge have now been stated. They are insufficient as evidence thereof. Consequently the judgments should be reversed and a new trial granted, with costs to abide the event.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.