GUSTAV ERBE, JR., Individually and as Executor and Trustee under the Will of GUSTAV ERBE, Deceased, et al., Appellants, v. LINCOLN ROCHESTER TRUST COMPANY, Individually and as Executor and Trustee under the Will of GUSTAV ERBE, Deceased, et al., Respondents.

Fourth Department, July 13, 1956.

*Matthew J. Shevlin* and *Harold G. Hutchens* for appellants.

*William H. Morris* and *Leonard S. Zartman* for Lincoln Rochester Trust Company, individually and as executor and trustee, and another, respondents.

*Wallace J. Wolf, Jr.,* for Wallace J. Wolf and another, respondents.

WHEELER, J. This is an action in equity by various persons interested in the estate of Gustav Erbe, deceased, against the Lincoln Rochester Trust Company and certain individual defendants. The defendant Trust Company was both a creditor and an executor of the estate, which included a large block of the stock of the Yawman and Erbe Manufacturing Company. In July, 1943 the bank sold that stock to itself at public auction, crediting the price against certain claims which it had against the estate. This action was commenced more than 10 years later. In brief, the action is for an accounting, the imposition of a constructive trust, a tracing of profits and proceeds, and other relief. The plaintiffs charge that the defendant bank, aided by the individual defendants, successfully executed an unlawful scheme to gain control of the Yawman and Erbe

Manufacturing Company; that by various concealments and misrepresentations and in pretended reliance upon a decree of the Surrogate, the bank fraudulently sold to itself Yawman and Erbe stock belonging to the estate; and that it subsequently resold such stock for a large profit to itself, all in violation of its fiduciary duties to these plaintiffs. Because of the legal defenses interposed, we do not, upon this appeal, reach any conclusion as to the merits of these allegations.

The defendants moved, pursuant to rule 107 of the Rules of Civil Practice, for judgment dismissing the complaint on the grounds of *res judicata* and the Statute of Limitations. The defenses were sustained by the Special Term. Although it is claimed that the issues set forth in the complaint are substantially the same as those litigated before the Surrogate in the 1941 proceedings, and decided in favor of the respondent Lincoln Rochester Trust Company, we cannot agree, in view of the allegations that the 1941 decree was procured by and the result of the alleged basic fraud, that *res judicata* is available as a ground for dismissal. Nevertheless, we are of the opinion that the action is barred by the 10-year period of limitation (Civ. Prac. Act, § 53), which runs from the time of the wrong, not from the time of discovery (*Pitcher* v. *Sutton,* 238 App. Div. 291, affd. 264 N. Y. 638). '' It is well settled that section 48, subdivision 5, applies only to cases of actual fraud, express or implied. All other types of fraud, where actual fraud, express or implied, is not the gravamen, which are collectively grouped in the category of ' constructive fraud,' are within the provisions of section 53.'' (*Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139, 141–142.) If in substance the cause of action is to redress a breach of fiduciary duty, incidental and unnecessary allegations of fraud will not transform it into an action to recover a judgment on the ground of fraud (*Adolf Gobel, Inc.,* v. *Hammerslough,* 263 App. Div. 1; *Pitcher* v. *Sutton, supra;* *Cahill* v. *Seitz,* 93 App. Div. 105; *Smith* v. *Hamilton,* 43 App. Div. 17; *Petnel* v. *American Tel. & Tel. Co.,* 280 App. Div. 706; *Ziring* v. *Corrugated Container Corp.,* 183 Misc. 600; see, also, *Carr* v. *Thompson,* 87 N. Y. 160; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259; *Buttles* v. *Smith,* 281 N. Y. 226; *Hearn 45 St. Corp.* v. *Jano, supra*).

We consider the above authorities decisive of this case. The gravamen of the action is self-dealing and breach of fiduciary duty by the bank, aided by the individual defendants. The bank is said to have been in inconsistent positions, as executor and creditor of the estate, and is charged with having purchased on its own account an asset of the estate at a sale which was

not authorized by the Surrogate, and with having made for itself a profit which should have gone to the beneficiaries, all in violation of its fiduciary duties to the estate. The central wrong complained of is the bank's purchase of the stock in July, 1943. All of the prayers for relief, which may be considered in determining the character of the action (*Dagood Holding Corp.* v. *Rosenbluth*, 231 App. Div. 470, 473), seek to remedy that wrong. Proof of actual fraud would be entirely unnecessary to a recovery, for if the executor made a profit in self-dealing, no amount of good faith would defeat the action. '' The appellants were not bound to show, in order to become entitled to the relief they asked, that [the sale] was iniquitously conceived and executed. If the findings established that the trustees, in making the transfer to [the coexecutor], acted in contravention of principles which the law charged them to observe, and to the injury of the appellants, they were guilty of constructive fraud, as a necessary consequence, regardless of their motive or intention. Constructive fraud, although a breach of a duty, may be consistent with innocence. The purpose to defraud need not enter into it because the law regards the act which gives it rise as fraudulent *per se*. Of such class of acts is the dealing by trustees for their own benefit in matters to which their trust relates '' (*Costello* v. *Costello*, 209 N. Y. 252, 258–259; see, also, *Munson* v. *Syracuse Geneva & Corning R. R. Co.*, 103 N. Y. 58, 74; *Matter of People* [*Bond & Mtge. Guar. Co.*], 303 N. Y. 423, 431; *Wendt* v. *Fischer*, 243 N. Y. 439; *Davoue* v. *Fanning*, 2 Johns. Ch. 252).

*Emmerich* v. *City Bank Farmers Trust Co.* (300 N. Y. 417), relied upon by plaintiffs, is not in point. The complaint in that case alleged that the executors '' failed and refused to set up the trusts  *  *  *  and treated said trust property as their own personal property, and commingled said trust property therewith, converted and embezzled the same, and never filed any account of proceedings, either as Executors or as Trustees ''; further, that they '' fraudulently concealed from the plaintiff, Testator's grandson, the existence, terms and provisions of Testator's Will, and the existence of the estate and plaintiff's interest therein ''. The plaintiff demanded an accounting and recovery of his rightful share of the estate, which he had never received. The complaint was held to state a cause of action grounded in fraud and governed by subdivision 5 of section 48 of the Civil Practice Act. The *Emmerich* case is distinguishable because it involved nonadministration of the trust, as opposed to maladministration or misadministration. The executors there never even purported to act as fiduciaries. They never

set up the trusts or filed an account. They embezzled the corpus without informing plaintiff of the existence or terms of the will or of his interest in the estate. "If the trustee conceals the existence of the trust, the statute ought not to run against the beneficiary, even though there has been no use of the trust property by the trustee for his own benefit." (4 Bogert on Trusts and Trustees, pt. 2, p. 202.)

Also inapplicable is the rule that "While an express trust subsists and has not been openly renounced, the Statute of Limitations does not run in favor of the trustee" (*Spallholz* v. *Sheldon,* 216 N. Y. 205, 209). The stock here in issue was released from the "trust" at the time of the bank's purchase in 1943, and the 10-year period of limitation then began to run (*Hubbell* v. *Medbury,* 53 N. Y. 98, 102; *Smith* v. *Hamilton,* 43 App. Div. 17, 19, *supra; Woolley* v. *Stewart,* 222 N. Y. 347, 354).

The order and judgment should be affirmed.

All concur, except KIMBALL and BASTOW, JJ., who dissent and vote for reversal and for denial of the motion in the following memorandum: We recognize that broadly speaking the gravamen of this action is self-dealing and breach of fiduciary duty. It seems to us, however, that the majority opinion takes an unnecessarily narrow view of the complaint. True it may be that proof of actual fraud is unnecessary to a recovery when relief is sought for breach of a fiduciary duty. But we find in this complaint allegations of actual fraud that bring the cause of action within the provisions of subdivision 5 of section 48 of the Civil Practice Act. We are unable to agree with the rule now being laid down that constructive fraud and actual fraud are mutually exclusive and if the pleading is one that under ancient rules of pleading would be classified as one to recover for constructive fraud that the pleading must be dismissed in the face of allegations of actual fraud. It seems to us that this throws over a fiduciary a mantle of protection that was never intended and to which the fiduciary in not entitled.

Present — McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and BASTOW, JJ.

Judgment and order affirmed, with costs.