Fred J. Munder, J.
In addition to two separate actions to recover for work, labor and services performed, the second amended complaint herein sets forth four causes of action in which the plaintiff creditor seeks to set aside certain allegedly *921 fraudulent conveyances in order to procure the application of the properties there involved toward payment of its claims. The instant motions are addressed to three of the latter causes of action.
The defendant W. Wydler & Son Construction Corp., moves under subdivision 4 of rule 106 of the Buies of Civil Practice to dismiss the second, third and fourth causes of action alleged against it (Nos. 3, 5 and 6 as set forth in the complaint) on the ground that each fails to state facts sufficient to constitute a cause of action, or in the alternative, under rule 102, for an order directing the plaintiff to amend the complaint so as to make the same more definite and certain. This defendant moves further, under subdivision 5 of rule 107, for judgment dismissing the second and fourth causes of action (Nos. 3 and 6 as set forth in the complaint) on the ground that they were not commenced within the time limited by section 53 of the Civil Practice Act, namely within 10 years of the time they accrued.-
An analysis of these portions of the complaint reveals that they state causes of action in equity to set aside transfers which, regardless of the intent of the debtors, are forbidden by statute to the extent that there are claims by creditors. (Debtor and Creditor Law, art. 10.) As such these causes of action fall within the provisions of the 10-year Statute of Limitations (Civ. Prac. Act, § 53), which commences to run from the date when the act or omission constituting the alleged fraud occurred. (Buttles v. Smith, 281 N. Y. 226; cf. Nasaba Corp. v. Harfred Realty Corp., 287 N. Y. 290.) Such a complaint is sufficient without allegations of actual intent to evade and defraud present and future creditors. (Hearn 45th St. Corp. v. Jano, 283 N. Y. 139.) The inclusion of such allegations does not transform the action into one to recover damages for actual fraud, express or implied, so as to bring it within the provisions of the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 5), the tolling of which begins with the date of discovery of the fraud.
It appearing that the transfers complained of in the second and fourth causes of action (Nos. 3 and 6 as set forth in the complaint), took place more than 10 years prior to the commencement of the entire action, those causes of action are barred by section 53 of the Civil Practice Act. The motion under subdivision 5 of rule 107 of the Buies of Civil Practice is accordingly granted.
The motions addressed to the third cause of action (No. 5 of the complaint) are denied, I find it to fairly state sufficient facts to constitute a cause of action.
Settle order accordingly.