■ JANE R. WINSTON, Respondent, v. MICHAEL D. WINSTON, Appellant. — In an action in which the Supreme Court, Queens County, granted a judgment of divorce to the plaintiff wife on December 23, 1970, defendant husband appeals from portions of two orders of the same court, as follows: (1) from so much of an order dated January 5, 1972, as pertains to visitation rights and (2) from so much of an order dated February 24, 1972, as, on reargument, adhered to the original decision as to visitation rights as embodied in said order of January 5, 1972. Appeal from order dated January 5, 1972 dismissed as academic, without costs. That order was superseded as to subject-matter of these appeals by the order of February 24, 1972 (*Chance* v. *Guaranty Trust Co. of N. Y.*, 260 App. Div. 216, 218). Order dated February 24, 1972 affirmed insofar as appealed from, without costs. Unfortunately the record here is replete with bitter charges made by the parents of the four-year-old female child whose custody and whose father's visitation rights are involved here. Further, there are averments in the affidavits of the parents indicating that at times each parent may be making derogatory remarks regarding the other to their young child. Such conduct on their part and unnecessary litigation on their part is detrimental to the child's welfare and we believe it should be avoided. The paramount overriding equity is the child's welfare. It appears from the record that the child is presently living in a wholesome environment with her mother, who has remarried and is living with her new husband, a physician and a Major in the United States Army, presently stationed at Shepard Air Base, Fort Worth, Texas. We agree with Special Term that it would not further the welfare and best interests of this very young child to permit the father to take her away from her home overnight or on extended visits to New York from Fort Worth. The court may at some date in the future, after the child shall have attained school age, allow the father to take the child to stay with him overnight at times when such partial custody would not interfere with the child's schooling or when the child is on school vacation. But to permit the father to take the child away from her home and mother on extended visits or overnight visits at this time, in our opinion, would be detrimental to her welfare. Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.