BENJAMIN WERBELOVSKY, Respondent, *v.* MEYER A. ROSEN and EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a Domestic Corporation, Defendants, Impleaded with ABRAHAM N. ROSEN, METROPOLITAN NEWS CO., INC., a Domestic Corporation, JOSEPH KALMANOFF and GITTA ROSEN, Appellants.

(Consolidated Appeals.)

Second Department, July 2, 1940.

*Edwin F. Korkus,* for the appellants.

*Joseph W. Gottlieb,* for the respondent.

TAYLOR, J. This is a judgment creditor's action brought to set aside certain assignments of assets. The first cause of action

alleges that on May 29, 1926, defendant Meyer A. Rosen and two others guaranteed in writing to plaintiff's assignor the payment of an obligation of $25,000, evidenced by a certain corporate bond; that after December 16, 1932, the original obligor thereon defaulted, and on June 15, 1939, a judgment was docketed against said Meyer A. Rosen in the sum of $25,000; that prior thereto, on or about October 23, 1929, Meyer A. Rosen had assigned his interest in certain life insurance policies to his wife, the defendant Gitta Rosen, the beneficiary named therein, two of which policies she later assigned to their son, the defendant Abraham N. Rosen, in 1938 and 1939; and that these assignments were made without consideration and in fraud of the assignor, as a creditor of Meyer A. Rosen.

The second cause of action is reiterative of certain allegations of the first, and alleges that in or about November, 1933, the defendant Meyer A. Rosen transferred to his son, the defendant Abraham N. Rosen, all his equity in certain shares of stock of Metropolitan News Co., Inc., without consideration and in fraud of the same assignor, as a creditor of Meyer A. Rosen.

The third cause of action repeats and reiterates substantially the allegations of the two prior causes, and alleges that the acts complained of therein were done as the result of a conspiracy by the defendants (except defendant insurance company) to enable Meyer A. Rosen to defraud the assignor, his creditor.

The policies mentioned in the first cause of action aggregated in amount $245,000. Of these, two, aggregating $135,000, were subsequently assigned by Gitta Rosen to Abraham N. Rosen. At the time of the original assignment (Meyer A. Rosen to Gitta Rosen), October 23, 1929, the policies had a cash surrender value of approximately $25,000.

As to the corporate stock of Metropolitan News Co., Inc., the same was of a value in excess of $100,000 when it was pledged originally by Meyer A. Rosen to defendant Kalmanoff for a loan of $100,000 in 1929. Meyer A. Rosen paid Kalmanoff $48,000 on account thereof between 1929 and November, 1933, leaving a balance due from Meyer A. Rosen to the defendant Kalmanoff of $52,000. This would make Meyer A. Rosen's then equity in the stock at least $48,000 when, as alleged in the second cause of action, Meyer A. Rosen fraudulently transferred that equity to his son, Abraham N. Rosen, in 1933.

Further, as to the third cause of action, the same is reiterative of the allegations of the first two causes and charges in effect that all of the defendants except the insurance company were guilty of conspiracy, which signifies that there was a concert of action between the defendants giving rise to authority in each one to

bind the others in the former's acts in furtherance of a common purpose alleged, namely, to strip Meyer A. Rosen of his assets in fraud of the assignor, who at the time of the transfers was not a creditor with an absolute and ripened claim against Meyer A. Rosen, but was the holder of a guaranty, with the possibility that the assignor's claim would ripen into an absolute one later on if the obligor defaulted. He was a contingent creditor by virtue of the guaranty.

The defendant Gitta Rosen moved (1) under Civil Practice Rule 106 to dismiss as to her each of the three causes of action because of its failure to state facts sufficient to constitute a cause of action as against her; and (2), upon the complaint and affidavit, to dismiss each of those causes on the ground that it did not accrue as against her within the time limited by law for the commencement of an action thereon. The first and third causes, as far as they affected her, accrued on October 23, 1929. This action was commenced as to her on January 3, 1940, or after a lapse of ten years. The second cause of action in no way affects the defendant Gitta Rosen. As to the first and third causes, however, she contends that any rights which plaintiff's assignor might have had in those policies as a creditor of her (Gitta's) husband arose long after the policies were exempted from such claim by virtue of section 55-a of the Insurance Law (now section 166 thereof), effective March 31, 1927. (*Chatham Phenix Nat. Bank* v. *Crosney*, 251 N. Y. 189.)

Each of the first and third causes of action as to her is sufficient in law. The pleaded rights of plaintiff's assignor were not affected by section 55-a of the Insurance Law, for reasons based upon fundamental law. (U. S. Const. art. I, § 10; *Addiss* v. *Selig*, 264 N. Y. 274.) Such rights existed by reason of the guaranty and provisions of article 10 of the Debtor and Creditor Law of the State of New York (§ 270 thereof). The learned Special Term was right in refusing to dismiss these causes for insufficiency. It erred, however, in its refusal to dismiss each of them as to Gitta Rosen as being barred by the ten-year Statute of Limitations. (Civ. Prac. Act, § 53.) As to the movant, this action was commenced more than ten years after each of those causes accrued. Each is in equity. (*American Surety Co.* v. *Conner*, 251 N. Y. 1; *Buttles* v. *Smith*, *infra.*) The ten-year statute (Civ. Prac. Act, § 53) applies. It commenced to run October 23, 1929, when the acts upon which each cause of action is based occurred and not when the facts were later discovered. (Civ. Prac. Act, § 48, subd. 5; *Pitcher* v. *Sutton*, 238 App. Div. 291, 293; *Buttles* v. *Smith*, 281 N. Y. 226, 236, 237; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 id. 287, 300, 301; *vide Brick* v. *Cohn-Hall-Marx Co.*, 276 id. 259, 264.)

The order appealed from by Gitta Rosen should, therefore, in so far as appealed from, be reversed, and her motion to dismiss the first and third causes of action granted, only upon the ground that each is barred by the ten-year Statute of Limitations.

As to the appeal by the defendant Abraham N. Rosen, he moved to dismiss only the first cause of action, (1) for insufficiency and (2) because of the claimed bar of the ten-year Statute of Limitations. For the reasons stated *supra* leading to the conclusion that the first cause of action was sufficient as to Gitta Rosen, the same is likewise sufficient as to the defendant Abraham N. Rosen. That cause, however, should be dismissed as to defendant Abraham N. Rosen because of the bar of the same ten-year statute.

As to the appeals of defendants Kalmanoff and Metropolitan News Co., Inc., those defendants severally moved to dismiss the first, second and third causes of action for legal insufficiency. Kalmanoff, also, moved to dismiss the second cause because of the Statute of Limitations. The first and second causes were dismissed at Special Term for legal insufficiency as to each of such defendants. Neither defendant was involved in either of these causes; and the plaintiff has not appealed in this phase. The motions of Kalmanoff and of Metropolitan News Co., Inc., however, testing the sufficiency of the third cause were denied at Special Term. This ruling was proper. The third cause alleges in effect that all defendants, including Kalmanoff and Metropolitan News Co., Inc. (but excluding the defendant insurance company), intended to aid Meyer A. Rosen in divesting himself of his assets for the purpose of rendering him insolvent and unable to pay his debts; and that in violation of article 110 of the Penal Law, by reason of certain unlawful acts (*infra*) committed by them, they agreed, combined and conspired to hinder, delay and defraud plaintiff's assignor in the collection of his debt, by committing such acts; that pursuant to the conspiracy they caused Meyer A. Rosen to resign as treasurer of the Metropolitan News Co., Inc., and his son, the defendant Abraham N. Rosen, to be elected as assistant treasurer thereof; that pursuant to the same conspiracy, Meyer A. Rosen caused defendant Metropolitan News Co., Inc., to pay over to his son, Abraham N. Rosen, the salary which Meyer A. Rosen had been receiving theretofore from the corporation — approximately $500 per week — for the benefit of Meyer A. Rosen; that also pursuant thereto Abraham N. Rosen received the salary of approximately $500 each week for the use and benefit of defendant Meyer A. Rosen, and secretly gave it to the latter; that also pursuant thereto defendant Meyer A. Rosen transferred to his wife, defendant Gitta Rosen, the policies above mentioned, for the purpose of hindering, delaying

and defrauding plaintiff's assignor, a creditor of defendant Meyer A. Rosen, and of rendering the latter insolvent; and, finally, that pursuant thereto, the defendant Meyer A. Rosen transferred to his son, defendant Abraham N. Rosen, all of his interest in 1,000 shares of capital stock of the corporate appellant, as mentioned in the second cause of action, for a like purpose — all to the damage of plaintiff's assignor in the sum of $25,000.

It is true that a " mere conspiracy to commit a fraud is never of itself a cause of action." (*Green* v. *Davies*, 182 N. Y. 499, 504; *Miller* v. *Spitzer*, 224 App. Div. 39.) The cases cited have no application, for admittedly in the series of torts alleged the appealing defendants were participants. It is the wrongful act committed by the conspirators, resulting in injury to the plaintiff's assignor, which alone gives rise to the cause of action. (*Miller* v. *Spitzer*, *supra*.) The gist of a civil action for conspiracy is damage; it is only important to join all defendants to hold them responsible for each other's acts in furtherance of the conspiracy. (*Von Au* v. *Magenheimer*, 126 App. Div. 257; affd., 196 N. Y. 510.)

The third cause of action is sufficient in law as against each of the defendants Kalmanoff and Metropolitan News Co., Inc. In so far as the order appealed from refuses to dismiss it as to them, the same was correctly made.

The order appealed from by defendant Gitta Rosen, in so far as appealed from, should be reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the first and third causes of action as against that defendant granted, with ten dollars costs, upon the sole ground that each of those causes is barred by the ten-year Statute of Limitations.

The order denying the motion of defendant Abraham N. Rosen to dismiss the first cause of action as to him should be reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss that cause as to that defendant granted, with ten dollars costs, upon the same ground as above.

The order denying the motion of defendant Kalmanoff to dismiss the third cause of action as to him, in so far as appealed from, should be affirmed, with ten dollars costs and disbursements.

The order denying the motion of defendant Metropolitan News Co., Inc., to dismiss the third cause of action as to it, in so far as appealed from, should be affirmed, with ten dollars costs and disbursements.

The time of appellants to answer should be extended until ten days after the entry of the order herein.

LAZANSKY, P. J., HAGARTY, CARSWELL and JOHNSTON, JJ., concur.

Ordered accordingly.