NASABA CORPORATION, Appellant, *v.* HARFRED REALTY
CORPORATION et al., Respondents.

Argued November 17, 1941; decided January 15, 1942.

*Herman A. Benjamin* for appellant. Plaintiff's cause of action accrued in June of 1940. (*Pitcher* v. *Sutton,* 238 App. Div. 291; *Buttles* v. *Smith,* 281 N. Y. 226; *McKenzie* v. *Wappler Electric Co.,* 215 App. Div. 336; *Hadlock* v. *Eric,* 23 Fed. Supp. 692; *Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287; *Tierney* v. *Ruppert,* 150 App. Div. 863; *Schreyer* v. *Scott,* 134 U. S. 405; *Decker* v. *Decker,* 108 N. Y. 128.) The action is not one to recover upon a liability created by statute. (Civ. Prac. Act, § 48 [2]; *O'Brien* v. *East River Bridge Co.,* 161 N. Y. 539.) If the complaint be deemed founded on article 10 of the Debtor and Creditor Law (Cons. Laws, ch. 12) it is not barred by the statute of limitations. (*Hadlock* v. *Eric,* 23 Fed. Supp. 692; *O'Brien* v. *Fitzgerald,* 143 N. Y. 377; *Bell* v. *Merrifield,* 109 N. Y. 202; *Stark* v. *Howe Sound Co.,* 148 Misc. Rep. 686; *Roulston* v. *Warner,* 134 Misc. Rep. 459.)

*Israel Hoffman* and *Louis I. Hochstein* for respondents· If the complaint is founded on section 15 of the Stock Corporation Law (Cons. Laws, ch. 59) or section 60 of the General Corporation Law (Cons. Laws, ch. 23) then the actions are barred by the six-year statute of limitations computed from the date that executions on plaintiff's judgments were returned unsatisfied. (*Shepard Co.* v. *Taylor Publishing Co.,* 234 N. Y. 465.) If the complaint is founded on article 10 of the Debtor and Creditor Law (Cons. Laws, ch. 12) then the actions are barred by the ten-year statute of limitations provided for in section 53 of the Civil Practice Act, computed from the date the transactions complained of were effected. (*Buttles* v. *Smith,* 281 N. Y. 226; *Hadlock* v. *Eric,* 23 Fed. Supp. 692; *American Surety Co.* v. *Conner,* 251 N. Y. 1.) A mere allegation in the complaint that the acts charged were committed with intent to hinder, delay and defraud plaintiff of its claim where proof of fraud is not essential to

recovery upon the cause of action founded on statutory liability or on constructive fraud, does not convert the cause of action into one to procure a judgment on the ground of fraud so as to bring the case within the provisions of section 48 (5) of the Civil Practice Act, and thus avoid the bar of the statute of limitations. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259; *Hearn 45th St. Corp.* v. *Jano*, 283 N. Y. 139; *Murtha* v. *Curley*, 90 N. Y. 372; *Ochs* v. *Wood*, 221 N. Y. 335.)

RIPPEY, J.   Before answer and without denial by affidavit of essential allegations of the complaint upon proof of which, uncontested, plaintiff may recover, defendants moved at Special Term, upon the authority of rule 107 of the Rules of Civil Practice, to dismiss the complaint on the ground that " the causes of action set forth in the complaint did not accrue within the time limited by law for the commencement of the said actions." There was nothing in the moving papers to indicate upon what statute of limitations defendants relied as a bar to the prosecution of the action. The motion was denied at Special Term.

Upon appeal to the Appellate Division from the order denying the motion, the order was reversed and the motion to dismiss the complaint granted upon a holding that on whatever theory the complaint might be sought to be sustained the causes of action arose more than ten years prior to the commencement of this action.

Two causes of action were set up in the complaint. It is alleged that the plaintiff duly recovered and docketed judgments on January 3, 1931, in the office of the clerk of the county of New York for $3,303.22 against the defendant Harfred Realty Corporation and for $5,482.68 against the defendant 4510 Broadway Corporation upon which executions were duly issued on January 6, 1931, and thereafter returned wholly unsatisfied and that such judgments remain wholly unpaid and unsatisfied. Those judgments arose upon obligations of the judgment debtors for loans made prior to August 1, 1928, by the National Safety Bank &

Trust Company of New York and duly assigned and transferred to the plaintiff on October 25, 1930. Prior to the docketing of the aforesaid judgments the judgment debtors were the owners of real estate in the city of New York which the defendant Isidore Wolff, who was an officer and director and the dominant stockholder of and controlled the debtor corporations, Coronet Properties, Inc., W. S. R., Inc., Verplanck Realty Corporation, and Montan Realty Corporation and the sole stockholder and owner of the last two named corporations, caused to be transferred and the proceeds of the sale thereof so manipulated and disposed of by the said corporations to himself and his wife, the defendant Annie Wolff, that the debtor corporations were rendered wholly insolvent and without property from which the judgments might be collected. The defendant corporations refused to pay their debts and obligations when due. It is alleged that those properties and proceeds of their sale in truth belonged to the debtor corporations, were not exempt from liability for their debts and would have been subject to the lien of executions. It is further alleged " that the said transactions * * * were for unfair, insufficient and inadequate considerations, with intent to and as part of a concerted plan and conspiracy to hinder, delay and defraud plaintiff creditor of its said claims " and that the plaintiff did not discover or ascertain the facts as to such transactions until about June, 1940, " when the same were revealed by reason of a certain action had in this court entitled *Sidney Ziskind etc.* v. *Fred Rudinger et al.*" The plaintiff sues to recover damages only for the fraud of the defendants as a result of which it was unable to collect its claims and the resulting judgments.

This action was commenced December 17, 1940. As above stated, the fraud which furnishes its basis occurred in 1929. Executions on the judgments were returned unsatisfied January 6, 1931. The fraud was not discovered by plaintiff until June, 1940. If it appears from the face of the complaint that the causes of action alleged owe their existence exclusively to statutory provisions (Debtor &

Creditor Law, art. 10 [Cons. Laws, ch. 12]; Stock Corporation Law, § 15 [Cons. Laws, ch. 59], or General Corporation Law, § 60, subd. 5 [Cons. Laws, ch. 23]) or to constructive fraud as distinguished from actual fraud, applicable statutes of limitation of time within which the action must be commenced bar prosecution (*Buttles* v. *Smith*, 281 N. Y. 226; *Hearn 45 St. Corp.* v. *Jano*, 283 N. Y. 139). But if " the gravamen of the cause of action is the right of the plaintiff to recover judgment compensating him for injury sustained as a result of fraud * * * the period of limitation would be six years after the discovery of the fraud (Civ. Prac. Act, § 48, subd. 5). It is well settled that section 48, subdivision 5, applies only to cases of actual fraud, express or implied " (*Hearn 45 St. Corp.* v. *Jano, supra*, p. 141). The allegations contained in the complaint, which here with all reasonable inferences to be drawn therefrom must be deemed to be true, quite clearly show that the action is not to set aside or to declare the conveyances of the debtors' properties fraudulent nor to procure application of the real properties conveyed to the payment of the judgments, nor is equitable relief of any kind sought. Plaintiff does not seek to follow the funds and property of the debtor corporations into the hands of any of the defendants. Thus if an analysis of the complaint establishes that causes of action for actual fraud are alleged, it was error to dismiss the complaint.

Actual fraud, as distinguished from constructive fraud, involves the element of deceit practiced upon the party defrauded (*Studer* v. *Bleistein*, 115 N. Y. 316, 324). Quoting Story on Equity Jurisprudence, section 186 (14th ed. § 267), Bouvier (Law Dictionary, p. 1304) says: "Actual or positive fraud includes cases of the intentional and successful employment of any cunning, deception, or artifice, used to circumvent, cheat, or deceive another." The fraud which is the gravamen of the actions does not lie alone in the execution and delivery of the written documents which are matters of public record. Rather, it lies, as alleged or clearly to be implied, in the deliberately secret, deceitful, undisclosed

and fraudulent manipulation and transfer without consideration of the proceeds from the sale of the properties of the judgment debtors to an officer of the several corporations and to his wife with intent and dishonest and fraudulent purpose and design to make it thereby impossible for plaintiff to recover its judgments out of the debtors' properties and with the effect that such recovery became impossible. An intent and design is alleged or clearly and necessarily inferable from the complaint to misrepresent or conceal a material fact, to produce a false impression in order to mislead the plaintiff or to cheat it and therein lies the deceit which is the material constituent of actual fraud (*Willink* v. *Vanderveer*, 1 Barb. 599; *Forker* v. *Brown*, 10 Misc. Rep. 161, 162, 163). It is not claimed that affirmative and false representations were made with intent to cheat and defraud plaintiff upon reliance on which plaintiff was injured. The defendants are charged with fraudulent acts which they kept secret and concealed from plaintiff to its detriment and loss with intent that plaintiff should be misled. Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative misrepresentations of fact (*Forker* v. *Brown*, *supra*). That plaintiff was misled to its loss through the deliberate concealment of material facts is alleged in the complaint. Common law causes of action at law for damages for actual fraud, as distinguished from constructive fraud, appear to be sufficiently set up in the complaint and the only recovery plaintiff seeks is compensation for the injuries sustained because of that fraud.

The statute of limitations is an affirmative defense and must be pleaded (*Matter of Weil* v. *Rothschild*, 251 App. Div. 639, 641; *Locke* v. *Pembroke*, 280 N. Y. 430, 434). It may be that when all the facts and circumstances are disclosed the causes of action for actual fraud may not be sustained or the evidence may be insufficient to sustain the claim of the plaintiff that the circumstances of the fraud were not known to it more than six years prior to the date of commencement of the action. Perhaps the facts

and circumstances as finally established may indicate other defenses but as to those we are not here to speculate. We take the complaint as we find it and if it does not indicate upon its face that the prosecution of the causes of action is barred by some statute of limitations, it must, at this point, be sustained. At least, where the complaint may be so construed as to state causes of action the prosecution of which is not barred by any statute of limitations, speculation as to what other cause of action may be sufficiently alleged to warrant recovery thereunder which may be barred by some statute of limitations should not be indulged in the absence of facts appearing upon the trial after the defenses upon which defendants rely have been presented by proper pleading and proof (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308; *Clark* v. *Kirby*, 243 N. Y. 295).

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.