FRANCES LARUFFA, Appellant, v. MARIA ASTARITA, Respondent.— Order denying plaintiff's motion to examine one Alexander DeLorenzo, agent of the defendant, as a witness before trial modified on the law and the facts by striking from the ordering paragraph the words " in all respects denied " and by adding in place thereof the words, " granted to the extent of permitting the examination as to Items numbered 1, 2, 3, 4, 7, 8, 11 and 12." As thus modified, the order is affirmed, with ten dollars costs and disbursements to the appellant, the examination to proceed upon five days' notice. The entire transaction was handled by the party sought to be examined, acting as agent for the defendant. Such special circumstances exist as to make his testimony material and necessary to the plaintiff to establish the allegations of the complaint which are denied in the defendant's answer. (Farber v. DeBruin, 253 App. Div. 909.) Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

FELIX LAVICKA, JR., an Infant, by FELIX LAVICKA, His Guardian ad Litem, and FELIX LAVICKA, Respondents, v. NATIONAL TRANSPORTATION CO., INC., Appellant.— Action to recover damages for personal injuries sustained by an infant through the alleged negligent operation of an automobile by defendant's servant, and by the father of the infant to recover damages for loss of services and for medical expenses. Order granting plaintiffs' motion for a preference and awarding other relief, reversed on the law and the facts, without costs, and the motion denied, without costs. In our opinion the discretion vested in the learned court was exercised improvidently. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

THE MARINER HARBOR NATIONAL BANK and THE WEST NEW BRIGHTON BANK, Respondents, v. IMPERIAL BEVERAGE CORPORATION and Others, Defendants, ISAAC MEYEROWICH, JENNIE MEYEROWICH, Also Known as JEANNETTE MEYEROWICH, and COMPETITIVE REALTY CORPORATION, Appellants.— Order denying appellants' motion under rules 106 and 107 of the Rules of Civil Practice, to dismiss the complaint, reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs, with leave to respondents to serve an amended complaint within ten days from the entry of the order hereon if they be so advised. The complaint fails to state a creditor's action to set aside fraudulent conveyances for the reason that it contains no allegation that the transfers left the debtors insolvent or unable to meet the plaintiffs' claims; and, further, such an action is barred by the ten-year Statute of Limitations. (Werbelovsky v. Rosen, 260 App. Div. 222.) The complaint might stand as stating a cause of action for damages against all defendants, a type of action which is governed by the six-year Statute of Limitations and which does not commence to run until the discovery of the acts (Nasaba Corp. v. Harfred Realty Corp., 287 N. Y. 290), except that it leaves to inference, rather than expressly alleging, that the acts of defendants prevented the collection of the plaintiffs' claims. Hagarty, Johnston, Adel and Close, JJ., concur; Lazansky, P. J., concurs in the result.