■ LONG ISLAND RAIL ROAD COMPANY, Respondent, v. LESTER E. GROSSMAN et al., Partners Doing Business under the Name of COMMERCIAL TRADING COMPANY, et al., Appellants, et al., Defendants.— Appeal from (1) an order denying appellants' motion for summary judgment dismissing the complaint and from (2) so much of an order as grants respondent's motion to strike out for insufficiency the first, second, and third separate and complete defenses in appellants' answers. Order denying appellants' motion affirmed, without costs. Order granting respondent's motion modified by striking from the ordering paragraph the words "first" and "fourth defense" and by substituting for the latter the words "first and fourth defenses". As so modified, order insofar as appealed from affirmed, without costs. While we think the Special Term might properly have considered the documentary evidence presented on the motion for summary judgment (*Rubin* v. *Koppelman,* 263 App. Div. 733), in our opinion the true nature of the cause of action alleged is not free from doubt. Under such circumstances, on a motion to strike out defenses for insufficiency, speculation will not be indulged in to determine whether or not the cause of action is barred by some Statute of Limitations. Nonetheless, on a trial it may develop that the defense of the three-year statute is valid, and appellants should not be precluded from an opportunity to present that defense. (See *Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290; *Rubin* v. *Koppelman, supra.*) Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ RICHARD J. MOANE et al., Plaintiffs, v. CITY OF NEW YORK, Defendant, and Third-Party Plaintiff-Respondent. JENNIE TAMBINI et al., Third-Party Defendants-Appellants.— In an action to recover damages for personal injuries, the appeal is from an order denying a motion to dismiss the third-party complaint, pursuant to rule 106 of the Rules of Civil Practice and section 193-a of the Civil Practice Act. Order, affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ GEORGE SCHMITT, Respondent, v. ALLIED MAINTENANCE CORP. et al., Defendants, and ALLIED AVIATION SERVICE CO. OF NEW YORK, INC., Appellant.— In an action to recover damages for personal injuries the appeal is from a judgment entered on a jury verdict in favor of respondent against appellant. Judgment reversed and a new trial granted, with costs to abide the event. In our opinion, the verdict is contrary to the weight of the credible evidence. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.