7 N.Y.2d 337 (1960)
Chemical Corn Exchange Bank, Appellant,
v.
Walter Wassung, Respondent.
Court of Appeals of the State of New York.
Argued January 6, 1960
Decided January 22, 1960.
Barney B. Fensterstock and Sherwin A. Rodin for appellant.
Paul H. Riess and Jay Genzer for respondent.
Chief Judge DESMOND and Judges DYE, FULD and FOSTER concur with Judge VAN VOORHIS; Judge BURKE dissents in an opinion in which Judge FROESSEL concurs.
*338 VAN VOORHIS, J.
Between October 17 and December 21, 1956 appellant discounted for respondent five promissory notes totaling $5,250 face amount, each made by Michael R. Stein. Respondent is a plumber by trade, and received these notes from Stein for plumbing work performed for him by respondent. Stein later was adjudicated bankrupt and discharged. Respondent likewise went through bankruptcy, receiving his discharge December 6, 1957. Prior to respondent's bankruptcy, appellant entered judgment against him on these promissory notes. The indebtedness was listed in his bankruptcy schedules.
Now that this judgment has been discharged by bankruptcy, appellant has brought this action upon the same indebtedness on a theory that the bank was induced by fraud to discount the notes on which the judgment was obtained. Appellant avers that it was ignorant of the alleged fraud when judgment was entered upon the same indebtedness in the former action, and that it should, therefore, be allowed to prosecute this action in fraud so as to escape the bar of bankruptcy.
However that may be, the Appellate Division dismissed the complaint on the facts and the law in this memorandum: *339 "Fraud will not be presumed and he who alleges fraud must prove it by a fair preponderance of the credible evidence. There is neither proof of deliberate concealment of material facts with intent to defraud nor, as we view the record in light of some of the findings stated in the opinion, is there evidence of reckless disregard of the truth."
We think that the Appellate Division was correct in reaching this conclusion. The basis for the charge of fraud is a financial statement which respondent filled out under the supervision of the bank manager when three other notes were discounted seven months earlier. Those notes were paid. No new statement was obtained when the notes in suit were discounted. The evidence conflicts concerning whether the old financial statement was mentioned when the new notes were discounted. In reversing the findings of fact contained in the opinion of Special Term to the effect that respondent intended to conceal information concerning his financial condition, the Appellate Division probably included reversal of the finding that respondent stated that there had been no material change in his financial condition. In either event, appellant did not sustain the burden of establishing fraudulent intent. Special Term found no fraud in the listing of respondent's life insurance policies, and that finding was affirmed by the Appellate Division. The only basis on which any fraud was found by Special Term is in the listing of respondent's real estate, which was carried in the asset column in the form of two items of $3,500 each. The detailed explanation subjoined to the statement supports only one item of $3,500. Since this appears on the face of the statement, it is curious that the bank manager, if he examined the statement, made no inquiry concerning the other $3,500 item. Respondent testified that the other item represented a separate holding in another real estate corporation. He did say that, six months after the statement had been given to the bank, he sold his interest in both real estate holding corporations for $2,500. The resulting discrepancy between the latter sum and the $7,000 carried on the statement made half a year before these properties were sold has given rise to this charge of fraud in obtaining the later loans. Assuming that the remark which respondent denies was made, that his financial condition had not materially changed between the date of the statement and the *340 discounting of these later notes, it does not follow that he intended to defraud. Respondent had recently completed plumbing work for which he had received $5,200 in notes which was an asset not listed on the statement. For aught that appears to the contrary, his condition had improved in the meantime. It has to be borne in mind that, as the Appellate Division said, fraud must be proved and is not presumed. Respondent is clearly not a bookkeeper. It does not follow that he has been guilty of a fraud.
The judgment appealed from should be affirmed, with costs.
BURKE, J. (dissenting).
The question presented is whether, in the circumstances hereinafter disclosed, there was proof of concealment of material facts with intent to defraud. Since the Appellate Division and the trial court differ, we must decide whether the Trial Judge's reasoned judgment is so at variance with the conclusion to which the evidence should have led a prudent trier of the facts that the Appellate Division was required to reverse the trial court.
From the record on appeal it appears that defendant, on March 22, 1956, submitted a statement of his financial condition to the plaintiff bank which showed a net worth of $13,950. Defendant admits that real estate assets were overstated to the extent of $3,500 and the insurance assets overstated in the amount of at least $1,000. After adjustment, the actual undisclosed net worth amounted to $9,450. At that time the defendant requested the bank to discount notes aggregating $3,000 in principal face amount made payable to his order by one Stein. The bank, relying on the financial statement, since the notes were not secured, discounted the notes which were paid at maturity and are not involved in the present suit. In September, 1956 the defendant sold all his interests in real estate for the sum of $2,500. Immediately after the sale, as the defendant admitted, his net worth "started to slide down" not only below the fictitious figure shown on the statement but the actual net worth of $9,450, which the statement should have shown. In September, 1956, then, the true net worth of defendant was about one half the net worth claimed by the defendant on the statement given several months earlier to the bank.
Between October and December, 1956 the defendant requested the bank to discount five additional notes made to his order by *341 Stein, four in the face amount of $1,000 and the fifth in the face amount of $1,250, or a total of $5,250. In connection with the discount of these unsecured notes in the Fall of 1956, the bank officer testified that the defendant stated expressly that there was no important change in his financial condition from that shown on the statement given by him to the defendant in the latter part of the Winter of 1955-1956. The defendant's denial of this reaffirmation of his financial condition was not credited by the trial court.
The trial court has found that the defendant had made certain representations concerning his financial condition on a statement submitted by him to the bank; that he had subsequently renewed these representations when requesting the bank to discount certain unsecured notes made by a third party to his order; that the bank had relied upon such renewed representations; that those representations as renewed were knowingly false, and that the resultant damage to the bank was in the sum of $5,263.18.
We believe that the determination of the Trial Justice is in accord with the evidence and that the conclusion that the plaintiff had proved its case by the fair preponderance of the evidence deserves affirmance.
This is a case where the utmost consideration should be given to the "sophistication and sagacity of the trial judge" (Boyd v. Boyd, 252 N.Y. 422, 429). The members of the Appellate Division never heard the witnesses, nor observed their demeanor on the stand. The question of credibility of witnesses is usually reserved to the trier of the facts. "The advantages of the trial court who saw and heard the witnesses should be considered and, when truth hangs upon the credibility of witnesses, his decision should be given the greatest weight". (Amend v. Hurley, 293 N.Y. 587, 594.)
The defendant shows a lack of feeling for reality in contending that the findings of the trial court are not supported by substantial evidence. The defendant's denial of any material change in his financial condition leaves no room for an inference of honest intent. Inasmuch as he, prior to that occasion, had disposed of all his real estate interests, the withholding of knowledge of the sale of the real estate interests which were valued on the statement at $7,000 is clear evidence of fraud. The value *342 of the real estate interests as set forth on the statement constituted about one half of the defendant's claimed net worth of $13,950. Therefore, defendant knew that substantial changes had occurred in his financial condition. His representation of no change in his financial state which the bank relied upon was, of course, undeniably false. Even if the inflated values of the real estate and insurance assets are considered as thoughtless errors, the concealment of the disposition of valuable assets swas a deliberate decision, and it is on that that judgment must be rendered. "Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative representations of fact". (Nasaba Corp. v. Harfred Realty Corp., 287 N.Y. 290, 295.)
The essential elements of a cause of action for fraud, namely a representation, its falsity, scienter, reliance and damage were established by ample proof. Therefore, the judgment entered upon the order of the Appellate Division should be reversed and the Special Term judgment reinstated, with costs in all courts.
Judgment affirmed.