Burke, J.
(dissenting). The question presented is whether, in the circumstances hereinafter disclosed, there was proof of concealment of material facts with intent to defraud. Since the Appellate Division and the trial court differ, we must decide whether the Trial Judge’s reasoned judgment is so at variance with the conclusion to which the evidence should have led a prudent trier of the facts that the Appellate Division was required to reverse the trial court.
From the record on appeal it appears that defendant, on March 22, 1956, submitted a statement of his financial condition to the plaintiff bank which showed a net worth of $13,950. Defendant admits that real estate assets were overstated to the extent of $3,500 and the insurance assets overstated in the amount of at least $1,000. After adjustment, the actual undisclosed net worth amounted to $9,450. At that time the defendant requested the bank to discount notes aggregating $3,000 in principal face amount made payable to his order by one Stein. The bank, relying on the financial statement, since the notes were not secured, discounted the notes which were paid at maturity and are not involved in the present suit. In September, 1956 the defendant sold all his interests in real estate for the sum of $2,500. Immediately after the sale, as the defendant admitted, his net worth “ started to slide down ” not only below the fictitious figure shown on the statement but the actual net worth of $9,450, which the statement should have shown. In September, 1956, then, the true net worth of defendant was about one half the net worth claimed by the defendant on the statement given several months earlier to the bank.
Between October and December, 1956 the defendant requested the bank to discount five additional notes made to his order by *341 Stein, four in the face amount of $1,000 and the fifth in the face amount of $1,250, or a total of $5,250. In connection with the discount of these unsecured notes in the Fall of 1956, the bank officer testified that the defendant stated expressly that there was no important change in his financial condition from that shown on the statement given by him to the defendant in the latter part of the Winter of 1955-1956. The defendant’s denial of this reaffirmation of his financial condition was not credited by the trial court.
The trial court has found that the defendant had made certain representations concerning his financial condition on a statement submitted by him to the bank; that he had subsequently renewed these representations when requesting the bank to discount certain unsecured notes made by a third party to his order; that the bank had relied upon such renewed representations; that those representations as renewed were knowingly false, and that the resultant damage to the bank was in the sum of $5,263.18.
We believe that the determination of the Trial Justice is in accord with the evidence and that the conclusion that the plaintiff had proved its case by the fair preponderance of the evidence deserves affirmance.
This is a case where the utmost consideration should be given to the “ sophistication and sagacity of the trial judge ” (Boyd v. Boyd, 252 N. Y. 422, 429). The members of the Appellate Division never heard the witnesses, nor observed their demeanor on the stand. The question of credibility of witnesses is usually reserved to the trier of the facts. “ The advantages of the trial court who saw and heard the witnesses should be considered and, when truth hangs upon the credibility of witnesses, his decision should be given the greatest weight”. (Amend v. Hurley, 293 N. Y. 587, 594.)
The defendant shows a lack of feeling for reality in contending that the findings of the trial court are not supported by substantial evidence. The defendant’s denial of any material change in his financial condition leaves no room for an inference of honest intent. Inasmuch as he, prior to that occasion, had disposed of all his real estate interests, the withholding of knowledge of the sale of the real estate interests which were valued on the statement at $7,000 is clear evidence of fraud. The value *342 of the real estate interests as set forth on the statement constituted about one half of the defendant’s claimed net worth of $13,950. Therefore, defendant knew that substantial changes had occurred in his financial condition. His representation of no change in his financial state which the bank relied upon was, of course, undeniably false. Even if the inflated values of the real estate and insurance assets are considered as thoughtless errors, the concealment of the disposition of valuable assets was a deliberate decision, and it is on that that judgment must be rendered. “ Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative representations of fact ”. (Nasaba Corp. v. Harfred Realty Corp., 287 N. Y. 290, 295.)
The essential elements of a cause of action for fraud, namely a representation, its falsity, scienter, reliance and damage were established by ample proof. Therefore, the judgment entered upon the order of the Appellate Division should be reversed and the Special Term judgment reinstated, with costs in all courts.
Chief Judge Desmond and Judges Dye, Fuld and Foster concur with Judge Van Voorhis; Judge Burke dissents in an opinion in which Judge Froessel concurs.
Judgment affirmed.