■ LOUIS CURRY, Appellant, v TONI CHOLLETTE, Formerly Known as TONI CURRY, Respondent.—In an action, *inter alia,* for a judgment declaring a separation agreement executed by the parties to be invalid, the plaintiff appeals from an order of the Supreme Court, Kings County, dated November 4, 1976, which granted the defendant-respondent's motion to dismiss the action on the ground of the Statute of Limitations. Order affirmed, with $50 costs and disbursements. Appellant contends that he was induced into executing an inequitable and unconscionable separation agreement on July 8, 1969, which, *inter alia,* provided for alimony and future counsel fees for the respondent. Although his complaint alleges fraud, duress and overreaching, his cause of action is based upon a constructive fraud and is controlled by CPLR 213 (subd 1)—the six-year Statute of Limitations governing equitable actions in general. Thus, the cause of action accrued from the commission, rather than the discovery, of the fraud (see *Buttles v Smith,* 281 NY 226; *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48). Because

the appellant chose not to challenge the separation agreement until July 16, 1976, a period of seven years from the date of its execution, his cause of action is time-barred (see *Nusbaum v Nusbaum,* 280 App Div 315). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.