■ ARTHUR B. SCHWONKE et al., Respondents, v OLIVE K. BANISTER, Appellant. — Judgment and orders unanimously affirmed, with costs. Memorandum: Defendant, Olive K. Banister, by deed from Evelyn E. Boynton dated May 14, 1974 assumed and agreed to pay the mortgage and mortgage debt which plaintiffs seek to foreclose because of default in the payment of real property taxes. She claims that plaintiffs orally agreed to permit her to

withhold payment of the taxes in consideration of the execution and delivery of her individual bond obligating her to pay the mortgage debt. Defendant's bond gave plaintiffs no additional rights which they did not possess and did not constitute consideration which is essential to the validity of an oral mortgage modification contract (see General Obligations Law, § 5-1103). A grantee of a mortgagor, who by a covenant in his deed assumes payment of the mortgage debt, is in privity with the mortgagee and is personally liable to him for its payment *(Comstock v Drohan,* 71 NY 9; *Thorp v Keokuk Coal Co. of City of N.Y.,* 48 NY2d 253, 256-258; *Burr v Beers,* 24 NY 178; *Rochester Sav. Bank v Stoeltzen & Tapper,* 176 Misc 140; 38 NY Jur, Mortgages and Deeds, § 239, p 463). Further, the interest and penalties on the unpaid property taxes incurred by defendant and moneys she paid in escrow to the trustee in bankruptcy are not the type of detriment which would constitute valid consideration (see *Allegheny Coll. v National Chautauqua Co. Bank of Jamestown,* 246 NY 369). Moreover, even if there were consideration, part performance renders an oral modification of a mortgage agreement enforceable under the Statute of Frauds (General Obligations Law, § 5-703, subd 4) only where such performance is "unequivocally referable" to the original agreement (e.g., *Jonestown Place Corp. v 153 West 33rd St. Corp.,* 53 NY2d 847; *Burns v McCormick,* 233 NY 230, 232). In the instant case defendant's part performance, presumably based on the acts which she claimed constituted consideration, was not bargained for, and therefore, should not be considered as performance of part of the bargain (see *Allegheny Coll. v National Chautauqua Co. Bank of Jamestown,* 246 NY 369, 373, *supra).* Her conduct may be explained without reference to the alleged oral modification and does not supply the "key" to plaintiffs' alleged promise to forebear foreclosing the mortgage for a default in the payment of taxes (see *Jonestown Place Corp. v 153 West 33rd St. Corp., supra).* Lastly, the trustee in bankruptcy is not a necessary party to the mortgage foreclosure (RPAPL 1311). Under the Federal Bankruptcy Act of 1898 (US Code, tit 11) applicable to the instant case the trustee in bankruptcy had a two-year Statute of Limitations period in which to commence an action to set aside the December 13, 1973 conveyance by William and Betsy Bankster to Evelyn E. Boynton as a preferential transfer under section 60 of the Bankruptcy Act (US Code, tit 11, former § 96, now § 547). This statutory period, contrary to defendant's assertion, is not extended under subdivision f of section 11 of the Bankruptcy Act of 1898 as amended (US Code, tit 11, former § 29, subd [f], now § 108, subd [c]; see 1 Collier Bankruptcy Manual [2d ed], par 11.08, pp 11-15 — 11-16). Under New York law, however, the trustee could conceivably be a necessary party if claim were made by him under section 273 of the Debtor and Creditor Law within six years of the presumably fraudulent transfer (see *Curry v Chollette,* 57 AD2d 604; *Martin v Martin,* 29 AD2d 864, mod on other grounds 23 NY2d 858; *Altman v Finkel,* 268 App Div 666, affd 295 NY 651). Regardless of the intent of the debtor a conveyance rendering him insolvent is fraudulent under section 273 if made without a fair consideration and the six-year Statute of Limitations applies (CPLR 213, subd 1; see *Hearn 45 St. Corp. v Jano,* 283 NY 139). Here the six-year period elapsed on December 13, 1979, long before this action was instituted on April 21, 1980. That the trustee in bankruptcy was in no position to discover any alleged fraudulent transfer until his appointment in June, 1974 does not act to extend this statute. (Appeal from judgment of Jefferson Supreme Court, Inglehart, J., and from orders of Jefferson Supreme Court, Hayes, J. — mortgage foreclosure.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Denman and Schnepp, JJ.