**FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,**

**v.**

**Frances PAPPADIO, Michael Pappadio, Jr., Michael Pappadio and Ideal Trucking Co., Defendants.**

**No. CV–83–3478(ERN).**

United States District Court, E.D. New York.

April 17, 1985.

Ira L. Hyams, P.C., Jericho, N.Y., for Plaintiff.

Simon, Uncyk & Borenkind by Marc L. Zoldessy, New York City, for defendants Michael Pappadio, Jr. and Frances Pappadio.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff requests leave of court to interpose an amended complaint, which alleges several fraudulent conveyances made by defendant Michael Pappadio that were dis-

---

covered after the inception of this suit. Defendants Michael Pappadio Jr. and Frances Pappadio oppose the motion only in part. First, they contend that the proposed additional causes of action should not relate back to the date of plaintiff's complaint under Fed.R.Civ.P. 15(c), since the claims are wholly unrelated causes of action alleging entirely distinct conduct, transactions or occurrences.

The first new claim (fourth cause of action in the proposed complaint) alleges that on May 20, 1977 defendant Michael Pappadio conveyed a house located in Queens to Nicolo and Carmella Arnone who executed and delivered a $50,000 bond and mortgage to Frances, Michael's wife. In turn, on August 2, 1982 Frances transferred the mortgage to PMMJ Associates, a partnership consisting of Michael's four children and listing its office at Michael's residence. The second new claim (fifth cause of action in the proposed complaint) alleges Michael's assignment to Crosby Realty Corp. of rights to purchase two parcels of realty located in the Bronx. The seller conveyed the properties to Crosby Realty, which in turn, on July 1, 1977 conveyed them to PMMJ Associates. On June 13, 1984 PMMJ sold them to Filippo Cangialosi and Vincent Dilluvio for a $125,000 purchase money mortgage. The third new claim (sixth cause of action in the proposed complaint) recites that Frances used funds obtained from Michael without consideration to purchase realty located in Manhattan, out of which Ideal Trucking Co. had conducted its business. Michael's conveyance of his interest in the Ideal Trucking Co., a partnership, is the subject of the original complaint. The fifth new claim (seventh cause of action in the proposed complaint) mirrors the fourth. Allegedly, on September 30, 1977 Michael sold a house located in Queens to Andrew C. and Margaret C. Bos, who delivered a purchase money bond or note and mortgage to Frances in the sum of $44,900. The sixth new claim (eighth cause of action in the proposed complaint) alleges that on September 6, 1974 Michael sold another house located in Queens to Michael and Lillian Mangialino for a mortgage in the amount of $40,000 and thereafter, assigned this mortgage to Frances on August 31, 1977.

■ A claim to set aside a fraudulent conveyance is governed by the six year statute of limitations of NYCPLR § 213 subd. 1. *See Schwonke v. Banister*, 83 A.D.2d 752, 443 N.Y.S.2d 513, 515 (4th Dept.1981) (memorandum) (citing *Hearn 45 St. Corp. v. Jano*, 283 N.Y. 139, 27 N.E.2d 814 (1940)). This case, which asserted three causes of action concerning alleged fraudulent conveyances related to Michael's interest in Ideal Trucking Co., a partnership, was commenced with the filing of the complaint on August 5, 1983. The original complaint recites that plaintiff commenced an action in 1976, as successor in interest to the insolvent Franklin National Bank, to recover loans made to Miss Normee Ltd. and Nu-Style Fashions, Inc. Michael had guaranteed these loans. The suit ripened into a judgment of $571,830.01 on November 28, 1979, of which $479,-726.35 plus interest from October 13, 1982 remains unpaid.

In light of the above facts, even if the Court were to rule that the proposed fourth and fifth causes of action relate back to the date of the complaint under Fed.R.Civ.P. 15(c), they would still be time barred as to Michael Pappadio because they would have been commenced on August 5, 1983, more than six years after the respectively pled conveyance dates of May 20, 1977 (fourth cause of action) and May 20, 1974 or July 1, 1977 (fifth cause of action) depending on the accrual date. *See Domestic & Foreign Discount Corp. v. Beuerlein*, 54 N.Y.S.2d 548, 550 (Sup.Ct. Monroe Co.1944) (citing *Werbelovsky v. Rosen*, 260 A.D. 222, 21 N.Y.S.2d 88, 91 (2d Dept.1940)). Concerning the fourth cause of action, although Frances transferred the mortgage on August 2, 1982 to PMMJ Associates, of which Michael Jr. is alleged to be a partner along with his siblings, the proposed complaint does not allege that Frances is or was a debtor of plaintiff rendered insolvent by this transaction. Similarly, concerning the fifth cause of action, although PMMJ con-

veyed the property there at issue on June 13, 1984, the proposed complaint does not allege that PMMJ or its constituent partner, Michael Jr., is or was a debtor of plaintiff rendered insolvent by the transfer.

■ Nevertheless, although the conveyances by Frances and PMMJ may not give rise to causes of action pursuant to N.Y. Debt. & Cred.Law § 273, the proposed complaint's allegations charge Michael, Frances, and Michael Jr. with a scheme to defraud the FDIC. Specifically, ¶ 14, which is part of the original complaint, and which is realleged in support of each of the causes of action, states,

> "14. Upon information and belief, the transfer described herein was made with the intent and purpose to hinder, delay and defraud the creditors of the defendant Michael Pappadio and with particular intent to defraud FDIC; that upon information and belief such conveyance was made without fair consideration and was accepted by the transferees with knowledge of the wrongful and fraudulent intent and purpose and with like intent and purpose."

See *Nasaba Corp. v. Harfred Realty Corp.*, 287 N.Y. 290, 39 N.E.2d 243 (1942); cf. *Mariner Harbor Nat. Bank v. Imperial Beverage Corp.*, 264 A.D. 785, 34 N.Y.S.2d 847, 848 (2d Dept.1942) (memorandum). As pointed out in *Erbe v. Lincoln Rochester Trust Co.*, 3 N.Y.2d 321, 165 N.Y.S.2d 107, 144 N.E.2d 78 (1957), plaintiff's failure to demand specifically relief in the nature of damages for this fraud is immaterial.

> "That the relief requested is not consistent with these allegations is of no moment. A prayer for relief may be resorted to as an aid in determining the nature of a cause of action. However, it is not controlling and may even be disregarded if inappropriate. The complaint being susceptible of such construction it may not be dismissed on motion. As we declared in *Nasaba Corp. v. Harfred Realty Corp.* (287 N.Y. 290, 296 [39 N.E.2d 243]): 'At least, where the complaint may be so construed as to state causes of action the prosecution of

> which is not barred by any statute of limitations, speculation as to what other cause of action may be sufficiently alleged to warrant recovery thereunder which may be barred by some statute of limitations should not be indulged in the absence of facts appearing upon the trial after the defenses upon which defendants rely have been presented by proper pleading and proof (*Schenck v. State Line Telephone Co.*, 238 N.Y. 308 [144 N.E. 592], *Clark v. Kirby*, 243 N.Y. 295 [153 N.E. 79] ).' "

*Id.* at 325–26, 165 N.Y.S.2d 107, 144 N.E.2d 78 (citations omitted). Consequently, the statute of limitations applicable to plaintiff's allegations is contained in NYCPLR § 213 subd. 8, six years from "the time the plaintiff ... discovered the fraud, or could with reasonable diligence have discovered it." *Cf. Scola v. Morgan*, 66 A.D.2d 228, 412 N.Y.S.2d 893 (1st Dept.1979) (where, after trial, the trial court's findings of fact supported a conclusion of actual fraud as opposed to constructive fraud, the appellate court applied CPLR § 213 subd. 8 to hold that plaintiff's time to sue ran from the discovery of the fraudulent conveyances); *Ehrlich v. Mindel*, 9 F.R.D. 308 (E.D. N.Y.1949).

In an affidavit accompanying the proposed complaint, plaintiff's attorney avers that the FDIC discovered the additional conveyances after the inception of this suit. Defendants' papers do not contest this fact nor raise any issue concerning § 213 subd. 8. If such an issue exists, defendants may respond to the proposed complaint with a motion to dismiss the claims as time barred. *See Fleischmann Lumber Corp. v. Resources Corp. International*, 34 Del.Ch. 509, 106 A.2d 205, 206 (1954) (opinion by then Chancellor and now United States Circuit Judge Seitz). In light of the intrafamilial nature of the conveyances, the existence of an issue concerning plaintiff's diligence in discovering the conveyances is doubtful. *See American Agr. Chemical Co. v. Jankowski*, 19 F.Supp. 509, 510 (E.D. N.Y.1937). Nevertheless, as the record now stands, regardless of the doctrine of

relation back of amendments, the newly asserted claims are not time barred; therefore, defendants' first objection lacks merit.

Defendants' second objection is founded upon the fear that in response to being added as defendants to this action, the Arnones, mortgagors of the property in the fourth cause of action, and the Boses, mortgagors of the property in the seventh cause of action, "may out of intimidation or excess concern, cease making payments under each of the respective mortgages to Defendant Frances Pappadio, notwithstanding that there has been no adjudication on the merits [of] Plaintiff's claims." Affirmation of Marc Zoldessy ¶ 8. To remedy this highly speculative and contingent event, defendants ask that this Court's "Order contain a provision that the rights of Frances Pappadio as mortgagee under each of the respective mortgages shall in no way be impaired or the payments due thereunder should not be affected absent a final determination of the merits of Plaintiff's claims." *Id.* at ¶ 9. This request is premature. Plaintiff's motion papers seek only leave to amend the complaint and to issue the necessary summonses to the new defendants. Plaintiff has not requested a preliminary injunction directing that the Arnones or the Boses make their payments on these mortgages to the FDIC. As a result, this objection also lacks merit.

Accordingly, plaintiff's motion to amend the complaint and to issue additional summonses is granted.

SO ORDERED.